[No. 19546.   Department One.—June 28, 1895.]

THE PEOPLE ex rel. JOHN LYNCH et al., APPELLANT, *v.* HANNAH E. HARRISON, RESPONDENT.

State School Land—Foreclosure of Certificate of Purchase—Service of Summons—Void Judgment.—A judgment of foreclosure of a certificate of purchase of state school land rendered without personal service upon the holder of the certificate, and upon a publication of summons not based upon any affidavit or order of publication, is void.

Id.—Power to Set Aside Judgment.—The court has no power to set aside a judgment foreclosing a certificate of purchase upon evidence not found in the judgment-roll, where more than six months have elapsed since its rendition.

Id.—Action to Cancel Second Certificate—Admissions of Invalidity of Judgment.—In an action brought by the people upon relation of the holder of a patent from the state to school land, the certificate of which was foreclosed, upon publication of summons, to cancel a second certificate of purchase of the same land issued to another, where the complaint alleges that the holder of the certificate foreclosed never appeared in the foreclosure action, nor was summons ever served upon him personally, nor was an affidavit ever made by any one to obtain an order of publication of summons, nor was any order ever made in said action authorizing the service of summons by publication, and none of these allegations are denied in the answer, upon appeal upon the judgment-roll from a judgment canceling the second certificate of purchase, the judgment of foreclosure appears up..n the judgment-roll appealed from to have been void.

Id.—Impeachment of Judgment—Service of Summons—Proof of Invalidity.—Although a judgment not void upon its face cannot be impeached by evidence showing a want of service of summons, if such evidence is objected to, yet, where evidence is admitted to that effect without objection, or the parties stipulate or admit that there was in fact no service of summons, it is the duty of the court to declare the judgment void, as matter of law, upon the admitted facts.

Id.—Defective Application for School Land—Effect of Curative Act.—An affidavit for the purchase of school land, though substantially defective, filed prior to the curative acts of 1870 and 1872, is validated as against a second certificate obtained subsequent to the passage of those acts.

Id.—Judicial Notice of Curative Acts—Pleadings.—The curative acts of 1870 and 1872 are essentially general acts, of which the court will take judicial notice, and it is not necessary either to allege their existence or prove them at a trial involving their application to a prior defective certificate of purchase.

Id.—Construction of Curative Act—Date of Title of State Immaterial—Contract of Purchase.—The fact that the title to the land applied for did not vest in the state until a subsequent listment of the

land to the state is not an element entering in any degree into the construction of the curative act of 1870, which validates a contract of purchase with the state, regardless of the time of the acquisition of its title.

APPEAL from a judgment of the Superior Court of San Bernardino County.

The facts are stated in the opinion of the court.

*E. C. Marshall*, attorney general, *W. J. Curtis*, *J. C. Lynch*, and *M. L. Wicks*, for Appellant.

The defects in Mullan's certificate of purchase were validated by the curative act of 1870. (Stats. 1869–70, p. 352; *People* v. *Noyo Lumber Co.*, 99 Cal. 460; *Copp* v. *Harrington*, 47 Cal. 241.) The fact that the state had not received title at the time of the certificate of purchase does not avoid the contract of purchase. (*Easton* v. *Montgomery*, 90 Cal. 315; 25 Am. St. Rep. 123.) The ownership of the land was not material to the effect of the curative act. (*Rowell* v. *Perkins*, 56 Cal. 226; *Muller* v. *Carey*, 58 Cal. 542; *Upham* v. *Hosking*, 62 Cal. 259; *Northern Ry. Co.* v. *Jordan*, 87 Cal. 28; *People* v. *Jackson*, 62 Cal. 554.) The judgment foreclosing the certificate of purchase was void. (*People* v. *Pearson*, 76 Cal. 400.) The record in the present case shows that the judgment is void. (*Norton* v. *Atchison etc. R. R. Co.*, 97 Cal. 396; 33 Am. St. Rep. 198; *Hill* v. *City Cab Co.*, 79 Cal. 191.)

*O'Melveny & Henning*, and *H. T. Hazard*, for Respondent.

The curative act of 1870 was a private act, and should have been pleaded as new matter. (*Ellis* v. *Eastman*, 32 Cal. 448; Pomeroy's Code Remedies, sec. 673.) Under the findings the Mullan certificate was void. (*Hildebrand* v. *Stewart*, 41 Cal. 387.) The lands did not belong to the state until listed in 1874. (*Roberts* v. *Gebhart*, 104 Cal. 67.) The service of summons by publication was sufficient under the Political Code.

(Pol. Code, sec. 3549.)    The decree of foreclosure of Mullan's certificate was improperly set aside. (Code Civ. Proc., sec. 473; *People* v. *Harrison*, 84 Cal. 608.)

GAROUTTE, J.—This is an action to cancel a second certificate of puchase of school lands, the state having made a prior sale on which the patent has issued.    The township survey, embracing the land in controversy, was approved by the United States surveyor general for California September 18, 1868, and the map was duly filed in the United States land-office July 7, 1869.  John Mullan made application to the surveyor general to purchase the land January 15, 1869, and upon August 18th of the same year the surveyor general of the state applied to the United States land-office for said land. About August 21, 1869, the surveyor general approved Mullan's application, and issued to him the customary certificate, which, in due time, Mullan presented to the county treasurer of San Bernardino county (in which county the land was situated), and paid the treasurer the full amount due thereon, to wit, twenty-five per cent of the principal and one year's interest; and thereupon the register of the land-office issued to Mullan a certificate of purchase for the land.    Mullan's application to purchase was defective in this, that the affidavit accompanying the same failed to contain a description of the land sought to be purchased, as provided by the statute in such cases.    Upon the first day of September, 1874, the land involved was listed to the state, and Mullan made all payments due thereon, up to and including the year 1876.

In the year 1880 an action was brought by the district attorney of San Bernardino county to foreclose Mullan's interest under his certificate of purchase, based upon his failure to make the payments demanded by the statute, and this action went to judgment, as prayed for in the complaint, January 4, 1881, and a copy of such judgment was filed in the land-office. Upon December 21, 1882, respondent Harrison made

application to purchase the land, and the certificate of purchase which formed the subject of this litigation was issued to her. December 29, 1884, upon motion of Mullan's successor in interest, the default judgment of foreclosure was set aside and vacated, upon the ground that the court had not acquired jurisdiction of the defendant Mullan, no service of summons having been made upon him, either actual or constructive, and subsequently thereto the action was dismissed, upon motion of the district attorney of said San Bernardino county. Patent to the land issued to Mullan's successor in interest September 20, 1886. Judgment went for defendant Harrison in the trial court, and this appeal is taken therefrom upon the judgment-roll, without a bill of exceptions.

1. The judgment of foreclosure against Mullan was set aside, upon motion, as being a void judgment; but respondent insists that the judgment was not void, and that a publication of summons in this character of action, under section 3549 of the Political Code, is not required to be based upon an affidavit and order of publication, as in other cases. Whatever might be the decision of the court upon a construction of that section of the code, if it were presented to us as a new question, is immaterial, for it is now too late to change a rule of construction which has been recognized and approved for many years in many cases. (*People* v. *Applegarth*, 64 Cal. 229; *People* v. *Mullan*, 65 Cal. 396; *People* v. *Green*, 74 Cal. 400; 5 Am. St. Rep. 448; *Hyde* v. *Redding*, 74 Cal. 501; *People* v. *Pearson*, 76 Cal. 400.) Under these decisions the decree rendered against Mullan was void, as being without the jurisdiction of the court, and should have been set aside, if appropriate proceedings had been had for that purpose.

The question still remains, Had the court the power to set this judgment aside three years after its rendition, upon motion, upon evidence presented outside the judgment-roll? The case of *People* v. *Temple*, 103 Cal. 447, in many respects, both as to the facts and the law, is

similar to the case at bar, and the principle of law there
declared, that the court has no power to set aside a judg-
ment upon evidence not found in the judgment-roll,
more than six months having elapsed since its rendi-
tion, must be held controlling as authority.   But this
case is distinguishable from that case in other ways,
and an additional principle of law is here involved.   In
the discussion of this question under the authority of
the Temple case declaring such action void, let us elim-
inate from the record the order of the court setting aside
the judgment of foreclosure rendered against Mullan.
In this case we find an allegation in the complaint in
reference to such judgment, to the effect that Mullan
never appeared in said action, nor was summons ever
served upon him personally, nor was any affidavit ever
made by any one to obtain an order of publication of
summons, nor was any order ever made in said action
authorizing the service of summons by publication.   By
her answer respondent denies none of these allegations,
but simply avers that summons was duly served by
publication, as required by section 3549 of the Political
Code.   It is plainly apparent that no issue was made
between these parties as to the facts pertaining to the
service of summons.   No denial is made of the allega-
tions of the complaint in this regard, but respondent,
both by her denials in the answer and by her proof,
raises a question of law as to the character of service
required by said section 3549.   In addition to these
conditions presented by the pleadings, the court found
as a fact that the allegations of the complaint as to the
matter of service were true, and that the only service
upon Mullan consisted of publication of a summons not
based upon any affidavit or order.   It must be borne in
mind that the present appeal comes to us direct from
the judgment, without a statement or bill of exceptions.
No evidence is here, and by the facts found by the court
we must be guided and controlled.   Upon this judgment-
roll it therefore appears that the judgment of foreclosure
rendered against Mullan was void, and this brings the

case directly in line with the principle of law so clearly and forcibly declared in *Hill* v. *Cab Co.*, 79 Cal. 191. We quote: "But this rule is not that a judgment which is void will be enforced as if it were valid, but that it cannot be shown to be void, except in certain ways. If the party, however, should admit the facts which show the judgment to be void, or if he should allow them to be established without opposition, then, as a question of law upon such facts, we do not see why the case is not like that where a judgment is void upon its face. In the present case the findings establish the fact that there was no service of summons upon, or authorized appearance by, the defendant, and none of the evidence is brought up, nor does the question appear to have been raised by exception or demurrer, or in any other way. The facts, therefore, must be taken to be established by the record beyond all controversy, and upon such facts the law is that the judgment is void."

The foregoing quotation is taken from an action brought upon a domestic judgment of a court of general jurisdiction, in which action defendant set up that he had not been served with summons in the original action, and that therefore the judgment was void for that reason. The court found his claims to be true, and that no service was ever made upon him, and, upon appeal, the case was decided upon the law as above declared. In its decision the court assumes that evidence to impeach the judgment by showing a want of service of summons would not be admissible, but declares, in effect, that if the parties stipulate that there was no service, or the evidence is admitted at the trial to that effect, without objection, it is then established that the judgment is void, and that, whenever such fact is brought to the attention of the court, it is the duty of the court to so declare. A judgment-roll is received as evidence in an attack upon the validity of a judgment, because it imports absolute verity; yet it is no more conclusive as to the fact of service or nonservice of summons than the stipulation of both parties to the litigation to that effect,

or the admission of evidence to that point upon the offer of one party and without objection by the other.

For the foregoing reasons we conclude that the record in this case shows the judgment of foreclosure against Mullan to have been rendered without. service of summons, and that such judgment is therefore void.

2. The case then presents itself to us upon the one question, Was Mullan's application void by reason of the defective affidavit attached thereto? That the affidavit was defective in substantial parts has been decided by this court in various cases. In addition to the complaint and answer respondent Harrison filed a cross-complaint, setting out therein her own title, and the invalidity of the Mullan title, and praying for appropriate relief. Respondent now insists that, inasmuch as appellant in its complaint has relied upon a valid application to purchase as of its date, it cannot now, in the absence of a pleading to that effect, depend upon certain curative acts, passed subsequent to the date of the application, to make valid an application otherwise void. This point is not well taken. These curative acts of 1870 and 1872 were essentially general acts, and it was not necessary to either allege their existence or prove them at the trial.

It is further contended that neither the curative act of 1870 nor that of 1872 can be invoked in this case to validate a defective application to purchase, for the reason that the title to this land did not vest in the state until its listment thereto in the year 1874, and that neither of these acts covered lands to which the state had no title at the date of their respective passage. In construing the act of 1872 in *Cucamonga Fruit and Land Co.* v. *Moir*, 83 Cal. 101, a minority of the court held such to be the true construction of that act. The views there expressed did not obtain the assent of a majority of the court, and for that reason may not be considered binding as authority; and, when we consider the doctrine of *Rowell* v. *Perkins*, 56 Cal. 219, and *People* v. *Noyo Lumber Co.*, 99 Cal. 456, the soundness of

these views, so promulgated, may well be doubted. But, whatever may be the true construction of the act of 1872, there can be no doubt as to the applicability of the act of 1870 to the facts of the present case, for, as we view that act, the location of the legal title at the date of its passage is not an element entering to any degree into its construction, when applied to any particular state of facts. The act is purely remedial in its character, and should receive a liberal construction. In the absence of vested rights the legislature had the power, and it undoubtedly was their intention, to validate and ratify all defective applications to purchase land from the state, previously made in good faith. By its terms the act applies to all applications, except where conflicting interests have arisen. The act does not purport to deal with titles, but solely with applications to purchase. In the present case Mullan made an application to purchase this land. He was personally qualified to make the application and had the right to make it. The state recognized these facts and his right, and entered into a contract of purchase with him for the land, and received part payment thereon. It was the very case present in the mind of the legislature when the act was passed, and to remedy defective applications like that of Mullan was the purpose of the act.

For the foregoing reasons the judgment is reversed and the cause remanded.

VAN FLEET, J., and HARRISON, J., concurred.

Hearing in Bank denied.