[S. F. No. 649.   Department One.—November 24, 1897.]

N. G. YOUNG, Respondent, v. ENGELBERT FINK, Appellant.

PRACTICE—JUDGMENT BY DEFAULT—MOTION TO SET ASIDE—FRAUD.—Under section 473 of the Code of Civil Procedure, a judgment regular on its face, against a defendant who had been personally served with the summons and the original complaint, and entered upon his default in not answering an amended complaint which had been properly served upon his attorney of record, cannot be set aside on motion, on the ground of the alleged fraud of the attorney for the plaintiff in not serving the amended complaint personally on the defendant, in pursuance of a verbal agreement to that effect, after the expiration of six months from the entry of the judgment.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside a judgment and recalling an execution.   Charles W. Slack, Judge.

The facts are stated in the opinion.

F. A. Rossi, and A. Ruef, for Appellant.

William J. McGee, for Respondent.

CHIPMAN, C.—Appeal from an order setting aside and vacating a default judgment rendered against defendant, and recalling an execution issued thereon.

The grounds of the motion on which the order was made were mistake, inadvertence, and excusable neglect in not answering plaintiff's amended complaint; that the amended complaint changed the cause of action, and was not personally served on defendant, and on the further ground that the judgment was procured by fraud and without notice to defendant.   It is not questioned by respondent that the judgment is regular on its face.

Appellant contends that the motion came too late, and ought not to have been granted on any of the grounds stated.   It was filed six months and eleven days after judgment was entered.

1. Respondent concedes appellant's point as to the motion being too late on the grounds of defendant's mistake, inadvertence, or excusable neglect, under section 473 of the Code of Civil Procedure, but he contends that another provision of that section covers the case, to wit: "When, from any cause, the summons in an action has not been personally served on the defend-

ant, the court may allow . . . . such defendant . . . . at any
time within one year after the rendition of the judgment in
such action, to answer to the merits of the original action." The
summons was duly served in the original action; but it is insist-
ed that the judgment was rendered on an amended complaint
which it is claimed set up a new cause of action, and, because it
was not served personally upon the defendant, respondent is en-
titled to take advantage of the provision of the code just quoted.
It is claimed by respondent, but is denied by appellant, that the
attorney of record had ceased to be the attorney of respondent
prior to the service upon this attorney of the amended com-
plaint. He had appeared in the case and had filed a demurrer,
and had caused the action to be transferred to the county where
judgment was rendered, and there had been no substitution of
any other attorney nor any withdrawal of his appearance en-
tered of record. It was claimed, however, that appellant's at-
torney had been told by respondent's attorney, although not no-
tified in writing, that the latter no longer represented respond-
ent, and that he would not accept service of the amended com-
plaint, and the attorney for respondent deposed that appellant's
attorney promised to serve his amended complaint upon respond-
ent, and this, too, is denied under oath by appellant's attorney.

Appellant's attorney, however, did serve the amended com-
plaint upon respondent's attorney by leaving a copy thereof in
his office, and it was received by him and due return of the ser-
vice was made, on which the default was entered, but appel-
lant's attorney did not personally serve it upon respondent. It
is this action of appellant's attorney that constitutes the *grava-*
*men* of the charge of fraud.

Whatever may be the truth as to the allegation of respondent
in this particular, we think the amended complaint was enti-
tled to be filed as of course, being the first amendment, there hav-
ing been no trial on the issue of law. (Code Civ. Proc., sec.
472.) And it was properly served upon the attorney of record.
(Code Civ. Proc., secs. 285, 1011, 1015.) The alleged fraud is
a matter which cannot be considered in construing the provi-
sions of the code relied upon by respondent. There was no such
amendment as required a summons to issue, and, as the sum-
mons to the action was in fact personally served, the clause re-

ferred to does not apply. It was intended, we think, to apply to
cases where service is by publication, and may possibly apply
where the personal service of the summons was of such charac-
ter as to he equivalent to no service at all.

2. Respondent claims that the court had authority to grant
the motion on the ground of fraud, independent of section 473,
and cites numerous authorities in support of his contention.
They have had careful examination, but they do not conflict
with other decisions of this court adverse to respondent's posi-
tion. They are mainly cases where the judgment showed on its
face that it was void for want of jurisdiction or other cause, and
where relief was sought by bill in equity. In such cases it is
held, as was said in *Wharton v. Harlan*, 68 Cal. 422: "We are
not aware that it has been held that a void judgment, entered
on default by the clerk, must be attacked by motion within six
months. . . . . We are convinced that the court may at any
time set aside a judgment by default by the clerk when it ap-
pears from the roll that the clerk had no power to enter it."
We think that this is the distinguishing point of difference in
the cases cited and the case before us. It was further said in the
case referred to: "There is reason for sending a defendant into
a court of equity which does not apply when the judgment is
void for defects appearing in the roll (Code Civ. Proc., sec. 670,
subd. 1), and which thus bears on its face the evidence of inva-
lidity."

It was therefore held in *Wharton v. Harlan, supra*, that "by the
terms of section 473 the motion must be made within six
months, even though the mistake, inadvertence, surprise, or ex-
cusable neglect has been caused or brought about by fraud prac-
ticed by the party in whose favor the judgment or proceeding
was taken. After that period the question of mistake, etc.
(whatever the remedy in equity), cannot be tried by affidavit."

In *Dyerville Mfg. Co. v. Heller*, 102 Cal. 615, the grounds up-
on which the application was made were excusable neglect and
fraud practiced upon the court by plaintiff's former counsel by
procuring the judgment to be given in excess of the stipulation.
It was claimed that, as the judgment was procured by fraud, the
provisions of section 473 do not apply. But the court held that
this point was expressly decided against respondent's claim in

the case of *Wharton v. Harlan, supra.* (See, also, *People v. Temple,* 103 Cal. 447; *People v. Harrison,* 84 Cal. 607; 107 Cal. 541.) In *People v. Temple, supra,* it was said: "What is a reasonable time within which a motion may be made to set aside a judgment not void upon its face must depend somewhat upon the circumstances of each particular case, and is not definitely determined further than that it will not extend beyond the limit fixed by section 473 of the Code of Civil Procedure."

In the case before us, the application was undoubtedly made under section 473, but that fact alone should not deprive respondent of his relief outside this section, if the showing entitles him to it. We think, however, the rule is, and should be, that where the judgment does not show on its face that it is void, and the motion is not made under and within the time prescribed by that section, the party should be remitted to his equitable action. We have in the case at bar an example of a judgment regular on its face, with no question as to the jurisdiction of the court to make it. The motion to set it aside was not made within the time prescribed by any statute. It was a motion that would have been good if it had been made within the time and had been supported by the facts. We think it was error to grant the relief on motion. (*Moore v. Superior Court,* 86 Cal. 495, and cases there cited; *Jacks v. Baldez,* 97 Cal. 91.)

3. The motion to dismiss the appeal has already been denied, and, although argued in respondent's brief, we cannot reconsider the order heretofore made. Respondent made default, and no motion has been made to reopen the default nor for a rehearing of the motion.

The order vacating the judgment and recalling the execution should be reversed.

Searls, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order vacating the judgment and recalling the execution is reversed.

Garoutte, J., Van Fleet, J., Harrison, J.