[L. A. No. 3816.   Department Two.—March 7, 1917.]

## J. H. SMITH, Appellant, v. C. M. JONES et al., Defendants; FRANK F. FISHER, Respondent.

DEFAULT JUDGMENT—FALSE RETURN OF PERSONAL SERVICE—SETTING ASIDE JUDGMENT ON MOTION.—Although it appears from the record of a judgment entered upon a default that service was made upon a defendant, and, hence, a judgment against him is valid upon its face, such a judgment may be set aside on motion either under section 473 of the Code of Civil Procedure on any of the grounds therein specified, or independent of that section, where the motion is made upon the ground that its entry was based solely on a false return of personal service upon the defendant.

ID.—MOTION TO SET ASIDE MUST BE MADE IN REASONABLE TIME.—In order to invoke the power of the court to set a judgment aside on the ground that it was entered against a party defendant without service of process on him at all, the motion must be made within a reasonable time, or the right to make it is lost, and the party is remitted to an action in equity to have the judgment declared void.

Id.—REASONABLENESS OF TIME DETERMINED BY PERIOD FIXED BY SECTION 473, CODE OF CIVIL PROCEDURE—EQUITABLE RELIEF.—In determining whether a motion to set aside such a judgment is presented within a reasonable time, the period fixed in section 473 of the Code of Civil Procedure within which motions under it may be made is the standard or criterion of reasonableness. A motion made more than a year after the entry of judgment is too late, and beyond the power of the court to grant. Under such circumstances, the defendant must seek whatever relief he is entitled to through an independent action in equity to set aside the judgment for want of jurisdiction in the court to pronounce it.

APPEAL from an order of the Superior Court of Los Angeles County setting aside a default and judgment. Paul J. McCormick, Judge.

The facts are stated in the opinion of the court.

Chas. S. McKelvey, for Appellant.

Conner, Heath & Maxwell, for Respondent.

LORIGAN, J.—Plaintiff sued to quiet his alleged title to a tract of land in Los Angeles County, and among a large number of other defendants was the respondent Frank F. Fisher. Summons was issued in the action running to said Fisher among the rest, and one George S. King subsequently filed an affidavit that he had personally served said Frank F. Fisher, with a copy of the summons and complaint in the action in Los Angeles County on April 9, 1912. The default of said Fisher was thereafter taken and on May 11, 1912, a judgment was entered against him in favor of the plaintiff quieting the title of the latter to the land described in the complaint. On September 5, 1913, said Fisher, through his attorneys and upon notice given to plaintiff, moved the trial court in which said judgment had been entered to set aside the default and vacate the judgment on the ground that said Fisher had never been served in said action. In support of the motion an affidavit of Fisher made in the state of Illinois was filed. In this he swore, among other things, that he had not been served with summons in said action at any time, or at all, in Los Angeles, or elsewhere; that he was not in the county of Los Angeles, or in the state of California during the year 1912, and that he had no knowledge of the

pendency of the action until about a year after the rendition
of the judgment against him. The motion was heard on this
affidavit and the judgment-roll in the case, nothing further
being presented, and the court thereafter made an order set-
ting aside the default and the judgment. Plaintiff appeals.

The only question on this appeal is as to the power of the
trial court to make the order involved here. Appellant in-
sists that it had no such power on account of the lapse of time
intervening between the entry of the judgment and the motion
to set it aside. It will be observed that the motion was made
more than a year after the entry of the judgment. It is not
contended, as of course it could not be, that the judgment
entered in this action against defendant was invalid upon its
face. What is claimed is that though not so appearing on its
face it was in fact void because the affidavit of service by
King was false; that no summons had ever been served upon
respondent, and, hence, the court was without jurisdiction
to pronounce judgment against him. Undoubtedly, though
it appear from the record of a judgment entered upon a de-
fault that service was made upon a defendant, and, hence,
a judgment against him is valid upon its face, it is well set-
tled that such a judgment may be set aside on motion either
under section 473 of the Code of Civil Procedure on any of the
grounds therein specified; or independent of that section
where, as here, the motion is made upon the ground that its
entry was based solely on a false return of personal service
upon the defendant. But in order to invoke the power of
the court to set a judgment aside on the ground that it was
entered against a party defendant without service of pro-
cess on him at all, the motion must be made within a reason-
able time, or the right to make it is lost, and the party is re-
mitted to an action in equity to have the judgment declared
void. While in this discussion we have referred to section
473 of the Code of Civil Procedure, we have, however, only
done so as bearing on the further consideration of the ques-
tion whether the motion of defendant was made within a
reasonable time, because this application to set aside the
judgment is not made under said section 473. That section
provides for relief upon motion when the judgment is taken
against a party through "mistake, inadvertence, surprise
or excusable neglect." Not having been served with process,
and, hence, having no knowledge that he was required to ap-

pear, the failure of respondent to do so cannot be said to arise from any mistake, inadvertence, surprise, or neglect on his part. If respondent, as defendant in the action, had not been served with summons, he had an absolute right on motion, if timely made, to have the judgment set aside independent of section 473, or any other statute, as violative of the fundamental principle that one may not be deprived of his property without due process of law. The only condition to his right to invoke this aid of the court by a motion in the action itself is that his motion be made within a reasonable time.

Was the motion here made within that time? Under the plain rule of the authorities in this state, it was not. As we have stated, the motion was not made until more than a year after the entry of the judgment. Section 473 of the Code of Civil Procedure, heretofore referred to, provides that motions made under its provisions to set aside a judgment shall be made within six months after it is taken, save when the motion is on the ground that from any cause the defendant has not been personally served with summons, when one year is allowed within which to make it. Whether the latter provision would apply in a case like this (*Baker* v. *O'Riordan,* 65 Cal. 368, [4 Pac. 232] ; *Young* v. *Fink,* 119 Cal. 107, [50 Pac. 1060]) is not material here because this motion was not made within a year after the rendition of the judgment. Now, while, as we have said, this motion is not made under said section 473, it has, nevertheless, been the long-settled rule in this state that in determining whether a motion to set aside a judgment, decree, or order made independent of said section, is presented within a reasonable time, the period fixed in said section within which motions under it may be made is the standard or criterion in all cases. And, so, as to motions such as the one here made based on the ground that no service of process was made on the defendant, it is expressly held that in no case can the time of making them be extended beyond the time limit specified in section 473 for making similar motions under that section. (*Estate of Eikerenkotter,* 126 Cal. 54, [58 Pac. 370] ; *Norton* v. *Atchison, T. & S. F. R. Co.,* 97 Cal. 388, [33 Am. St. Rep. 198, 30 Pac. 585, 32 Pac. 452] ; *People* v. *Temple,* 103 Cal. 447, [37 Pac. 414] ; *People* v. *Dodge,* 104 Cal. 487, [38 Pac. 203] ; *Young* v. *Fink,* 119 Cal. 107, [50 Pac. 1060] ; *Canadian etc. Trust Co.* v. *Clarita etc. Inv. Co.,* 140 Cal. 672, [74 Pac. 301].) Hence, as this mo-

tion was made more than a year after the entry of judgment it was under these authorities made too late.

It is contended, however, by respondent that if by analogy the limitation of time specified in said section 473 be applied, yet the order made here may be sustained on another principle of law which he invokes. This is that when on a motion of this character an affidavit is filed showing that no service at all was made on a moving defendant, and no evidence is produced countervailing this showing, and no objection or exception is taken to the introduction of such testimony, the fact is then established without controversy and a simple question of law is thus presented, and such condition of undisputed facts establishes a judgment just as void as if its invalidity appears on the face of the judgment, and like such a judgment may be set aside at any time when the uncontroverted fact of the failure to serve process shows that the court was without jurisdiction to pronounce the judgment, citing *Hill* v. *City Cab etc. Co.,* 79 Cal. 188, [21 Pac. 728]; *People* v. *Harrison,* 107 Cal. 541, [40 Pac. 956]. But our examination of those cases shows a different condition from that presented here. Here the claim of respondent that no personal service was made on him does not stand uncontroverted. It appears from the judgment-roll by the affidavit of King that defendant was personally served with process in the action and the judgment so recites. It thus affirmatively appears from the judgment that the defendant was served. This fact he denies by his affidavit filed on the motion. But, certainly, there is thus presented a controverted fact of service and not an uncontradicted proof of nonservice as claimed by respondent. Nor, is there anything to show that the hearing was without objection or exception on the part of plaintiff. It was not necessary for him to file any written objection or exception to the proceeding. It is shown in the record that he appeared to the motion at the hearing, and in due course prepared a bill of exceptions upon which he presents the ruling of the court here. He does not appear to have admitted anything, or to have waived any legal rights to attack the order made.

Under the views expressed, the motion of respondent to set aside the judgment was made too late, and for that reason the court had no power to make the order. Under such circumstances the respondent is required to seek whatever relief

he is entitled to through an independent action in equity to set aside the judgment for want of jurisdiction in the court to pronounce it. (*Brackett* v. *Banegas,* 116 Cal. 278, [58 Am. St. Rep. 164, 48 Pac. 90] ; *Parsons* v. *Weis,* 144 Cal. 410, [77 Pac. 1007].)

The order appealed from is reversed.

Melvin, J., and Henshaw, J., concurred.