[Civ. No. 32163. Second Dist., Div. One. July 29, 1968.]

FIDELITY BANK, Plaintiff and Appellant, v. DORIS A. KETTLER, Defendant and Respondent.

Epport & Delevie and Murray Richtel for Plaintiff and Appellant.

Doris A. Kettler, in pro. per., for Defendant and Respondent.

LILLIE, J.—Plaintiff bank secured an order for defendant's appearance for examination as a judgment debtor (Code Civ. Proc., § 714); thereafter, upon defendant's motion, the order was quashed upon the ground that she had not been personally served therewith and that her counsel, in urging such motion, was making a special, and not a general, appearance in her behalf. From the order granting the motion plaintiff appeals.

On July 12, 1965, a judgment was entered in plaintiff's favor on written stipulation of the parties; prior thereto, defendant through her attorneys, Sanders & Moulton (by Robert H. Sanders), had answered and cross-complained. Subsequently, pursuant to application dated August 26, 1965, an order was made requiring defendant's appearance on September 24, 1965, as provided by section 714, *supra*. She was purportedly served with a copy of the above order on Septem-

ber 18, 1965—the declaration of the process server states that he served the document on a woman answering defendant's general description after he had asked her if she was Doris Kettler and she did not respond (nor did she deny that she was such person). Defendant did not appear on September 24, 1965. On that date, according to the declaration of Robert H. Sanders in support of the subsequent motion to quash, Victor Epport, one of plaintiff's attorneys, accosted him in the courthouse and wanted to know why he was not in Department 3, the department designated in the order for defendant's examination; Sanders told Epport that he "knew nothing about it and went to Department 3 with him after he advised [him] that DORIS A. KETTLER had been served with an Order for appearance in said Department." The declaration further states that Sanders there and then advised the court that he knew nothing about the matter, "that either my client had not been served with the Order or some misfortune had occurred to her and the Court stated under those circumstances the matter would be continued"; later Sanders contacted defendant who told him that she had not been served; on October 4, 1965, he wrote Epport, "confirm[ing] my comment, stated to you in Court, that Doris Kettler was not served in the above matter." To such letter Epport replied on October 6, 1965.[1]

Continuing with the chronology, a minute order of Department 3 for September 24, 1965, reads as follows: "On motion of counsel for judgment debtor, this matter is ordered continued to October 7, 1965, at 9 AM in Department 3. A bench warrant [for her apprehension] is ordered issued and held to the continued date." The minute order of October, 7, 1965 (the continued date) reads: "Doris A. Kettler fails to appear in Court. The bench warrant heretofore issued and held to this date is ordered released, returnable forthwith. Bail $100 plus $10 penalty assessment." More than one year later, on November 4, 1966, defendant appeared in Department 3, according to the minutes for that date, "in custody of

---

[1] "Dear Mr. Sanders: I have received your letter of October 4, 1965 in regard to the above entitled matter.

"I was quite surprised to receive it, since at no time when we were in Court did you say to me that Doris Kettler was not served. As a matter of fact, you told me that you had never spoken to her about the appearance in court to be examined as a judgment debtor.

"At the time of the hearing you asked the Court for a two-week continuance and requested that the bench warrant be held. This constituted a general appearance and therefore waives any alleged defect, if any, in the service of the order."

the Deputy Sheriff on a bench warrant heretofore issued on 10-7-65 for her apprehension.'' The minutes further recite that ''On motion of judgment debtor for a continuance for purposes of bringing on a motion to quash service of process herein, matter is ordered continued to November 23, 1966. . . .'' Such order was made after defendant was sworn, answered several questions and then, in response to the court's inquiry, stated that she wanted Mr. Sanders to represent her in further proceedings. Although the minutes make no mention thereof, according to the declaration of Mr. Sanders supporting the motion and order, he received a call from his client then ''under arrest at the Courthouse'' and subsequently appeared in Department 3 and secured the continuance mentioned in the minutes. Thereafter, on November 14, 1966, he noticed a motion for hearing on November 22, 1966, ''to quash the alleged service of order of the above entitled Court ordering said defendant's appearance as a judgment debtor . . . which allegedly was served on said September 18, 1965'' at a Los Angeles address therein designated. As noted at the outset, such motion was based upon failure of service as well as upon the additional ground that since ''the appearance of Robert H. Sanders in Department 3 . . . on October 6 [*sic*], 1965, under the circumstances, did not constitute a general appearance by this defendant. . . .'' the order for her appearance on the continued date (November 23) should be vacated.

 Preliminarily, and as properly pointed out by plaintiff, the court should have denied the motion if it was of the opinion that defendant had actually been served; apparently being of a contrary mind, it must have concluded that the appearance by Mr. Sanders, stated to be on ''October 4 [*sic*], 1966'' was not a general appearance. However, there was no court proceeding relating to the instant matter on October *4*, 1966, although there was such a proceeding on *November* 4, 1966. The written motion to quash is also inaccurate in that instead of October 7, 1965, it refers to counsel's appearance on ''October 6 [*sic*], 1965'' on which date there was likewise no court proceeding material to this controversy. (Nor has the confusion been clarified by the brief of defendant, prepared and filed in propria persona due to her inability to employ counsel on appeal.) We shall accordingly assume that the parties meant to refer to the November 4 (1966) and October 7 (1965) proceedings, respectively.

While the stated ground of the motion (in addition to fail-

ure of service) was counsel's asserted special appearance on October 7, 1965, the supporting declaration of Mr. Sanders makes no reference to his appearance on that date—too, the minute order for that date is silent with respect to any appearance by him. Instead, the declaration refers to his chance meeting with opposing counsel (Mr. Epport) at the courthouse on September 24, 1965, his subsequent appearance in Department 3 where he advised the court that he knew nothing about the matter, and the court's subsequent statement that "under those circumstances [including the claim of failure of service] the matter would be continued." After mentioning the exchange of correspondence with Mr. Epport, the declaration then makes reference to the events occurring in November of 1966. With respect to November 4, 1966, it states that Sanders received a call from defendant, who was then under arrest; that he appeared in Department 3 and "asked leave to have the matter continued to enable this motion [to quash] to be filed on behalf of the defendant"; that thereupon the matter was continued.

Respecting its claim that the appearance of defendant's counsel was general, not special, plaintiff's challenge to the order under consideration is not directed to the events of November 1966; instead, it is contended that the motion should not have been entertained by reason of the events of September 1965. Specifically, the minutes of the court for September 24, 1965, simply state that a motion for a continuance was made; there was nothing to indicate that counsel's appearance on that date went to the question of jurisdiction; and the declaration of Mr. Epport states that such a showing was not made. ■ The governing law is thus stated: "'Whether an appearance is general or special is determined by the character of the relief sought and not by the intention of the party that it shall or shall not operate as a general or special appearance. The statement of a defendant or party that he is making a special appearance is not necessarily conclusive. ■ The test is—Did the party appear and object only to the consideration of the case or any procedure in it because the court had not acquired jurisdiction of the person of the defendant or party? If so, then the appearance is special.'" (*Judson* v. *Superior Court*, 21 Cal.2d 11, 13 [129 P.2d 361].) Plaintiff relies on *Zobel* v. *Zobel*, 151 Cal. 98 [90 P. 191], for the claim that a motion for continuance constitutes a general appearance; in that case, however, the defendant filed an answer, a pleading preparatory to a hearing on the

merits, which could not be considered by the court if it did not have jurisdiction over the defendant. In the present case, by contrast, no such prior pleading was filed; nor is there any indication that defendant was impliedly admitting the jurisdiction of the court over her person, another test pointed out by the textwriter. (1 Witkin, Cal. Procedure (1954) p. 344.) To the contrary, through counsel she questioned the fact of personal service; too, and whatever be the deficiency in the minutes in that respect, the supporting declaration sets forth the reasons assertedly given by the court for granting the continuance requested—fairly construed, they indicate that it regarded the appearance as special, not general. ▮ Further favoring defendant's position is the following settled principle: ''When an issue is tried on affidavits, the rule on appeal is that those affidavits favoring the contention of the prevailing party establish not only the facts stated therein but also all facts which reasonably may be inferred therefrom, and where there is a substantial conflict in the facts stated, a determination of the controverted facts by the trial court will not be disturbed. [Citation.]'' (*Griffith Co.* v. *San Diego College for Women,* 45 Cal.2d 501, 508 [289 P.2d 476, 47 A.L.R. 2d 1349].)

But even if it be concluded that the subject appearances were special and therefore did not constitute a waiver of the asserted failure of service, unquestionably there is merit to plaintiff's further contention that the motion to quash should have been denied because of defendant's laches. ▮▮ While it is recognized that an order which is void on its face and which requires only an inspection of the record to show its invalidity may be set aside on motion at any time after its entry by the court which made the order, it is equally well settled that an order which is in fact void for want of jurisdiction, but the invalidity of which does not appear from the record, may be set aside on motion within a reasonable time after its entry, not exceeding the time limit prescribed by section 473, Code of Civil Procedure, namely six months. (*In re Dahnke,* 64 Cal.App. 555, 560 [222 P. 381]; *Smith* v. *Jones,* 174 Cal. 513 [163 P. 890].) The instant case is somewhat analogous to *Smith* v. *Jones, supra,* where it was claimed, as here, that an affidavit of service was false; it is even more analogous to the hypothetical situation envisioned in *Richert* v. *Benson Lumber Co.,* 139 Cal.App. 671, 678 [34 P.2d 840], where the court said: ''[T]he mere use of an affidavit of personal service not in fact true, through some honest mistake

of identity or for some reason compatible with good faith, is not extrinsic fraud, nor fraud at all, but presents the precise situation dealt with in *Smith* v. *Jones,* wherein the motion to set aside the judgment must be made within the time limited after the analogy of section 473." ▮ Plaintiff properly argues that its claim of laches is even stronger than that appearing in the several cases cited. Thus, there was evidence that the alleged service of the order took place on September 18, 1965; thereafter (on September 24, 1965) such claim of service was made known to defendant's counsel by the attorney for plaintiff, and on October 4, 1965 (ten days later) the former wrote the latter to the effect that his client "was not served in the above matter." There was other evidence unerringly pointing to defendant's personal knowledge of the service as claimed. No good reason appears, nor is good excuse offered, for her failure to take any action until some thirteen months later. Such a delay under the circumstances is a distinct badge of laches which barred her right to have the order quashed.

The order is reversed.

Wood, P. J., and Fourt, J., concurred.

A petition for a rehearing was denied August 20, 1968, and respondent's petition for a hearing by the Supreme Court was denied September 25, 1968.