Filed 9/5/25 Certified for Publication 10/3/25 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MOHAMMAD NOOR AHMED, Plaintiff and Appellant, v. COLLECT ACCESS, LLC et al., Defendants and Respondents. | A170591 (Alameda County Super. Ct. No. 23-CV-041122) |

Mohammad Ahmed appeals from the trial court's order granting motions to strike his complaint under the anti-SLAPP statute (Code Civ. Proc., § 425.16) by defendants Collect Access, LLC, Zee Law Group, Kimberly Sue Navarro Barrientos, and Tappan Zee (collectively, Collect Access). The complaint asserts three equitable claims seeking to vacate a default judgment holding Ahmed liable for an unpaid debt, and an additional cause of action for violation of the Rosenthal Fair Debt Collection Practices Act, Civil Code section 1788 et seq. (Rosenthal Act).[1]

Collect Access sought to renew and enforce a default judgment entered against Ahmed in 2006. In 2023, the trial court rejected Ahmed's motion to vacate the judgment based on his assertion that he was never served with the summons and complaint in 2006 and therefore the judgment was void.

---

[1] Undesignated statutory references are to the Civil Code.

1

Ahmed then filed the action underlying this appeal, again based on his statements that he was never served in the 2006 action and had no notice of it until December 2022.  In granting the anti-SLAPP motions, the court found that Ahmed had not established a likelihood of prevailing on the merits of his claims because his declaration stating that he was not served with the 2006 summons and complaint and did not reside at the address where it was delivered was uncorroborated by any other evidence, and because he admitted that he defaulted on the debt.

We conclude that the trial court impermissibly weighed the evidence when it determined that Ahmed's declaration was insufficient because it was uncorroborated.  Moreover, because Ahmed's challenge to the default judgment is based on lack of service, the court also erred in finding that he could not prevail on his equitable claims without establishing that he possessed a meritorious defense.  Accordingly, we reverse the judgment.

## BACKGROUND

Resurgence Financial, LLC (Resurgence Financial) filed a complaint against Ahmed on June 26, 2006, seeking to collect $10,623.79 on a credit card debt that Ahmed was alleged to have incurred.  On August 7, 2006, Resurgence Financial filed a proof of service, stating that the summons and complaint in the action were served on Rachael Rivera, "co-occupant" of the residence at 25362 Lindenwood Way in Hayward, California on July 24, 2006, at 3:36 p.m.  The proof of service indicated that the process server had tried unsuccessfully to serve Ahmed on three prior occasions and this final attempt was by substitute service at Ahmed's "dwelling house or usual place of abode."  The process server mailed a copy of the summons and complaint to the same address.  After Ahmed failed to respond to the complaint,

Resurgence Financial sought a default judgment in its favor in the amount of $10,970.79, which the trial court entered on October 31, 2006.

In 2015, Resurgence Financial assigned its rights to the default judgment to Collect Access. Collect Access then filed a request for the trial court to renew the judgment against Ahmed, which with interest had grown to more than $20,000. On December 30, 2022, Collect Access filed a second request for renewal of the judgment, which had grown to just over $38,000. The court entered a notice of renewal of the judgment on January 3, 2023.

In March 2023, Ahmed moved in the trial court to vacate the renewal of judgment, arguing that the October 31, 2006, default judgment was void for lack of effective service of the initial summons and complaint. Collect Access opposed the motion, stating that in May 2018 it had run an Experian Credit Profile Report, which indicated that the Lindenwood Way address was a valid address for Ahmed from June 2006 to March 2007. The court denied the motion to vacate the renewal of judgment on two grounds: first, that the motion was untimely, and second, that service was valid and effected at a valid address. Collect Access then obtained a writ of execution, seeking to collect on the judgment.

Shortly thereafter, Ahmed filed a complaint, seeking declaratory and equitable relief, asking the court to set aside the default judgment entered against him, and alleging violations of the Rosenthal Act related to Collect Access's collection attempts. Ahmed alleged that he was never properly served in 2006 with the summons and complaint filed by Resurgence Financial. He submitted a declaration in support of his allegations, asserting that he never lived or received mail at the Lindenwood Way address and never conducted business or worked there. He declared that he "was homeless from 2005 until late 2006 and was primarily living in [his] car with

3

occasional nights in a motel or at a friend's house. One such friend was Robert Rivera and his wife Rachael Rivera in Hayward, California. Over the course of almost a year [he] stayed a total of 6 nights at the Rivera home in Hayward." He was never personally served with the summons and complaint and he was not aware that a default judgment was entered against him. He was not aware of the lawsuit and did not receive notice of it by mail or otherwise until December 25, 2022, when his brother showed Ahmed a subpoena that had been sent to the brother's home.

As relevant here, Ahmed alleged as to his equitable relief claim that the court should set aside the judgment based on extrinsic fraud because he had "a complete defense to the [debt collection] action brought against him by" Collect Access, which was "attempting to collect a debt that" he did not lawfully owe. He asserted as "an excuse for not presenting a defense to the prior action" that Collect Access did not serve him and he "had no actual knowledge of the existence of the prior action until December 25, 2022." "Principles of equity," therefore, "require[d] the prior judgment to be set aside and declared void." As to the Rosenthal Act claim, Ahmed alleged that Collect Access "attempted to collect a consumer debt from [him] by means of judicial proceedings after [Collect Access] knew that service of process on [Ahmed] had not been legally effected, in violation of" sections 1788.15, subdivision (a) and 1788.17.

Collect Access moved to strike Ahmed's complaint as a SLAPP lawsuit pursuant to Code of Civil Procedure section 425.16. After a hearing, the court granted the motions and dismissed Ahmed's complaint with prejudice. As to the equitable claim, the court rejected Ahmed's assertion that the 2006 default judgment was secured by extrinsic fraud because service was never effected on him. The court found that Ahmed had not shown a

4

likelihood of prevailing because he could not establish two prongs of the three-prong test set forth in *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 982 (*Rappleyea*). First, he could not "articulate a satisfactory excuse for not presenting a defense to the original action" because he did not make a prima facie showing that service was ineffective pursuant to Code of Civil Procedure section 415.20, subdivision (b). His declaration to that effect, the court found, on its own and without corroboration, did not rebut the presumption of proper service, citing *Young v. Midland Funding LLC* (2023) 91 Cal.App.5th 63, 75 (*Young*), where the plaintiff submitted three declarations in addition to her own to address the issue of service. Second, the court reasoned, Ahmed could not establish that his case was meritorious because there was no dispute that he owed the underlying credit card debt. The trial court also rejected Ahmed's claim that there was a violation of the Rosenthal Act because he presented only his declaration and the pleadings in the underlying case, along with legal argument. A single, uncorroborated declaration, the court concluded, did not amount to evidence in support of his claim. The court granted the motions to strike, dismissed Ahmed's complaint with prejudice, and entered judgment for Collect Access.

## DISCUSSION

The anti-SLAPP statute authorizes a special motion to strike a cause of action arising from any act "in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (Code Civ. Proc., § 425.16, subd. (b)(1).) The purpose of the law is "to protect against 'lawsuits brought primarily to chill' the exercise of speech and petition rights." (*FilmOn.com Inc. v. DoubleVerify Inc.* (2019) 7 Cal.5th 133, 143.) It seeks to accomplish this purpose by "allow[ing] defendants to request early judicial screening of

5

legal claims targeting free speech or petitioning activities." (*Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 880–881.) We review the trial court's order granting or denying an anti-SLAPP motion de novo. (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325.)

Resolution of an anti-SLAPP motion proceeds in two steps. First, the moving defendant must establish that the challenged claims arise from activity protected by the statute. (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384.) Second, for each claim based on protected activity, the plaintiff must show that the claim has at least minimal merit. (*Bonni v. St. Joseph Health System* (2021) 11 Cal.5th 995, 1009.) Here, the parties agree that Ahmed's claims are based on protected activity—the use of the judicial process to collect a debt—disputing only whether Ahmed established the requisite minimal merit for his Rosenthal Act and equitable relief claims.

## I.

Ahmed argues that he established a prima facie case that Collect Access violated the Rosenthal Act. Although pled as a single cause of action, Ahmed's complaint alleged that Collect Access violated both section 1788.15, subdivision (a), which provides that "[n]o debt collector shall collect or attempt to collect a covered debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or their property, has not been legally effected,"[2] and section 1788.17, which requires debt collectors to "comply with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code." In *Young*, we held that "section 1788.17, by its incorporation of title 15

---

[2] Since Ahmed filed his complaint, the language of section 1788.15 has changed slightly, but not in a way that is material to this appeal. (Stats. 2024, ch. 522, § 9.) We quote the current language of the statute.

United States Code section 1692e, permits a Rosenthal Act plaintiff to state a prima facie case for liability where a defendant *unknowingly* made or relied on a false representation about the legal status of a debt or employed a false representation as a means to attempt the collection of a debt." (*Young*, *supra*, 91 Cal.App.5th at p. 91.)

We are inclined to agree with Collect Access that Ahmed's declaration did not make a prima facie showing that it had actual or constructive knowledge that service had not been effected—and therefore that its conduct violated section 1788.15—because Collect Access was not required to credit the statements in Ahmed's declaration. (*Young, supra*, 91 Cal.App.5th at pp. 87–88; cf. *Minser v. Collect Access, LLC* (2023) 92 Cal.App.5th 781, 793 (*Minser*).) But we disagree that the trial court properly found that Ahmed failed to carry his burden under section 1788.17, which does not depend on Collect Access's knowledge, simply because his declaration was uncorroborated.

Code of Civil Procedure section 415.20 " 'authorize[s] substitute service of process in lieu of personal delivery' " via " ' "a good faith attempt at physical service on a *responsible person*" . . . whose "relationship with the person to be served makes it more likely than not that they will deliver process to the named party." ' " (*Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1201, 1203.) Here, Ahmed's declaration refutes the effectiveness of the attempt at substitute service in 2006 because, he argues, the process server attested to providing the summons and complaint to Rachael Rivera. Rivera was an occupant of the residence at Lindenwood Drive, but that residence was not Ahmed's "dwelling house, usual place of abode, usual place of business, or usual mailing address" within the meaning of Code of Civil Procedure section 415.20, subdivision (b). Collect Access argues that Ahmed

7

"did not deny that the [Lindenwood address] was his dwelling house or usual place of abode," but his declaration expressly states, "I have never resided at 25362 Lindenwood Way." Ahmed further stated that he did not receive actual notice of the 2006 judgment until December 2022. (See *Hearn*, at p. 1201 [" 'Statutes governing substitute service shall be "liberally construed to effectuate service and uphold jurisdiction *if actual notice has been received by the defendant*" ' "] (italics added).)

"In ruling on a motion to strike, the trial court does not weigh evidence or determine questions of credibility; instead, the court accepts as true all of the evidence favorable to the plaintiff." (*Nagel v. Twin Laboratories, Inc.* (2003) 109 Cal.App.4th 39, 45–46.) Here, the trial court ran afoul of this rule by rejecting Ahmed's showing on the ground that his declaration was uncorroborated. It is true, as Collect Access argues, that in *Young* the plaintiff included declarations from additional individuals (*Young, supra*, 91 Cal.App.5th at pp. 85–86), but we did not hold that such corroboration is required to establish a prima facie case, and indeed, we noted that "we do not weigh the credibility or strength of an opposing party's evidence, but accept it as true, and resolve any conflicts and inferences in that party's favor" (*id.* at p. 86). Collect Access has not shown that Ahmed's declaration is so facially unbelievable that we may reject it as a matter of law.

We are also not persuaded by Collect Access's argument that Ahmed's Rosenthal Act cause of action is contingent on showing a probability of success on his equitable claims. As the *Minser* court explained in response to Collect Access's argument in that case, the viability of a Rosenthal Act claim "does not depend on whether a judgment has been declared void," and accordingly, "[w]hether a court has taken action to set aside the default judgment is irrelevant." (*Minser, supra*, 92 Cal.App.5th at p. 795.) The

8

procedural posture is somewhat different here than in *Minser*—as Collect Access points out, there was no previous determination in *Minser*, as there is here, that service was valid—but as the trial court recognized, the prior determination of valid service does not have preclusive effect in this action. (*Groves v. Peterson* (2002) 100 Cal.App.4th 659, 667–669.)  Accordingly, that distinction is not material.  Although Ahmed's equitable relief and Rosenthal Act claims share some operative facts, proof of one claim is not required to establish the other.  And in any event, as discussed below, we disagree with Collect Access that Ahmed failed to carry his burden on his equitable causes of action.

Because Ahmed made the requisite showing of minimal merit at least for his claim under section 1788.17—and Collect Access did not alternatively move to strike a portion of the Rosenthal Act cause of action (see *Young, supra*, 91 Cal.App.5th at p. 100)—the trial court erred insofar as it struck that cause of action.

## II.

Ahmed argues that for the same reason the trial court erred in concluding that he did not make a sufficient showing of a Rosenthal Act violation, it also erred in rejecting his claims for equitable relief based on extrinsic fraud or mistake in procuring the judgment.  Collect Access contends that Ahmed's equitable claims all fail because he could not make a prima facie showing that he had a meritorious case or defense within the meaning of *Rappleyea, supra*, 8 Cal.4th 975, the case on which the trial court relied.  Specifically, Collect Access asserts that Ahmed has conceded that he did not pay the debt underlying the 2006 lawsuit and has not identified a

9

defense or meritorious claim that he would have asserted in that lawsuit had he had the opportunity to defend himself.[3]

Quoting *Smith v. Jones* (1917) 174 Cal. 513, 516, Ahmed argues that due process affords him an "absolute right" to set aside a default judgment obtained without service of process. Although we rely on more recent Supreme Court authority that Ahmed did not cite and that was issued after the trial court's decision in this case, we agree that *Rappleyea*'s requirement of showing a meritorious defense does not apply where the asserted ground for extrinsic fraud or mistake is that the defendant was never served with process. In *Capital Insurance Co. v. Hoehn* (2024) 17 Cal.5th 207, 214, the court explained that the United States Supreme Court "has held that due process does not permit a state to require parties not properly served to show a meritorious defense in the underlying action before they can have their default judgments vacated. [Citation.] Likewise, California courts have held that 'compliance with the statutory procedures for service of process is essential to establish personal jurisdiction. . . . Thus, a default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void.' " (Accord, e.g., *Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 206.) Because Ahmed made a prima facie showing that he was not properly served, the trial court erred in concluding that his equitable claims were foreclosed by his failure to establish a meritorious defense under *Rappleyea*.

---

[3] Because the parties' briefs address Ahmed's equitable claims collectively rather than individually, we do the same in our discussion.

## DISPOSITION

The judgment is reversed.  Ahmed is entitled to his costs on appeal.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
CLAY, J. [*]

---

[*]Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Filed 10/3/25

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR


| | |
|---|---|
| MOHAMMAD NOOR AHMED,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>COLLECT ACCESS, LLC et al.,<br><br>    Defendants and Respondents. | A170591<br><br>(Alameda County Super.<br>Ct. No. 23-CV-041122)<br>ORDER CERTIFYING<br>OPINION FOR PUBLICATION<br>[NO CHANGE IN JUDGMENT] |


THE COURT:

The September 24, 2025 request for publication of this court's September 5, 2025 opinion is granted, and it is hereby ordered that said opinion be published in the Official Reports.



Dated: _____          _____

                                                 Brown, P. J.


1

Trial Court:                         Alameda County

Trial Judge:                       Hon. Julia Spain

Counsel for Appellant:         Consumer Law Center
Frederick W. Schwinn
Raeon R. Roulston
Matthew C. Salmonsen

Counsel for Respondents:      Bao Law Group
Jeffrey Bao