**In re Joseph M. RICE, Debtor.**

**Jody Bernard Rice, Plaintiff,**

v.

**Joseph M. Rice, Defendant.**

**Bankruptcy No. 03–39065–SAF–7.**
**Adversary No. 03–3969.**

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

June 24, 2004.

---

Mark Frels, Short, How, Frels & Heitz, Dallas, TX, for Plaintiff.

Mark D. Perdue, Storm & Hemingway, LLP, Dallas, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

STEVEN A. FELSENTHAL, Bankruptcy Judge.

Joseph Michael Rice[1], the defendant, moves the court for summary judgment declaring that no debt exists to the plaintiff, Jody Bernard Rice, upon which to determine dischargeability, and dismissing this adversary proceeding. The plaintiff opposes the motion. The court conducted a hearing on the motion on April 12, 2004.

The court will refer to the plaintiff as Jody Rice and to the defendant as Michael Rice. The parties are half-brothers. Jody Rice obtained a judgment, filed on April 11, 1991, in California state court against Michael Rice for $15,253,003.97, plus costs. In this adversary proceeding, Jody Rice contends that the judgment must be excluded from Michael Rice's discharge pursuant to 11 U.S.C. § 523(a)(2)(A) or (a)(4).

In his motion for summary judgment, Michael Rice contends that Jody Rice did

---

1. The court notes that on documents submitted by the debtor/defendant's attorney, the debtor/defendant's middle name is spelled "Micheal." Documents supposedly bearing his signature appear to show that he signs the name as "Micheal." However, the court's files and other documents show the spelling as "Michael," which the court will use.

not properly serve the California complaint on Michael, making the judgment void. Given the passage of time, Michael Rice argues, the California statute of limitations precludes liquidating the claim. As a result, he argues, there is no debt and the adversary proceeding should be dismissed. Alternatively, Michael Rice argues that the court should not apply the doctrine of collateral estoppel to the California judgment.

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, and other matters presented to the court show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). On a summary judgment motion, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505. A factual dispute bars summary judgment only when the disputed fact is determinative under governing law. *Id.* at 250, 106 S.Ct. 2505.

The movant bears the initial burden of articulating the basis for its motion and identifying evidence which shows that there is no genuine issue of material fact. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The respondent may not rest on the mere allegations or denials in its pleadings but must set forth specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ Jody Rice filed his complaint against Michael Rice in the Superior Court of the State of California, Los Angeles County, on December 19, 1986. At that time, Michael Rice resided in France. Michael Rice challenges the affidavit of Ilka Engelberth–Rice in which she avers that she personally served Michael Rice in France with process of the California lawsuit. However, Michael Rice's reply to Jody Rice's summary judgment response effectively acknowledges personal service. Therefore, the court finds that Engelberth–Rice personally served Michael Rice in France on January 30, 1988. That personal service complied with California law. Cal.Civ.Proc.Code §§ 414.10 and 415.10; *Olvera v. Olvera*, 232 Cal.App.3d 32, 41, 283 Cal.Rptr. 271 (Cal.Ct.App.1991).

But the service did not comply with the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. The Convention done at The Hague, Nov. 15, 1965, 20 U.S.T. 361 (the Hague Service Convention). Service abroad must comply with the Hague Service Convention. Under the Hague Service Convention, service may be accomplished through the use of a designated central authority. The Hague Service Convention, 20 U.S.T. 361, Art. 2. Jody Rice did not accomplish service through the use of a designated central authority.

Alternatively, if "the State of destination does not object," service may be made "directly through the judicial officers, officials or other competent persons of the State of destination." The Hague Service Convention, 20 U.S.T. 361, Art. 10(c). The parties agree that France has not objected to the alternative Hague Service Convention-endorsed service method. There is no genuine issue of material fact that Engelberth–Rice is not a judicial officer or official of France.

Jody Rice contends that an attorney licensed in a state of the United States is considered an "other competent person" in France. Engelberth–Rice is not an attorney. But Jody Rice argues that his attorney could hire Engelberth–Rice as a process server to act on behalf of an American attorney in France. Jody Rice provides no French authority for that proposition. The court therefore concludes that Engelberth–Rice is not an "other competent person" recognized in France to serve a complaint.

The Hague Service Convention also provides that judicial documents may be sent by "postal channels, directly to persons abroad." The Hague Service Convention, 20 U.S.T. 361, Art. 10(a). Assuming this provision applies to service of process, Jody Rice did not send the complaint to Michael Rice by "postal channels."

Even though actually served by Engelberth–Rice, Michael Rice did not file an appearance in the California litigation and did not answer the complaint. Jody Rice filed a request for entry of default judgment, which he mailed to Michael Rice in France on March 11, 1988. The Hague Service Convention, 20 U.S.T. 361, Art. 10(a). Michael Rice avers that he did not receive that document. He also avers that the address listed in the proof of service as the address that Jody Rice used to mail the request for default judgment to Michael Rice in France is inaccurate. There is a genuine issue of material fact regarding whether Michael Rice received that document in France.

The California court entered a default on March 14, 1988. The California court filed the judgment on April 11, 1991. On January 29, 2001, Jody Rice filed an application for renewal of the judgment. On March 9, 2001, Jody Rice mailed the application to Michael Rice, in care of the Federal Correction Institute in Texarkana, Texas, where Michael Rice was then incarcerated. Michael Rice contends that he did not get the application for renewal of judgment while incarcerated and did not learn of the California judgment until July 2003. Michael Rice filed his bankruptcy petition on September 3, 2003, and Jody Rice filed this adversary proceeding on December 24, 2003. There is no evidence from the Federal Correction Institute as to whether the address Jody Rice used for the Texarkana location was correct or incorrect. There also is no evidence from a prison official that the mailing was actually delivered to Michael Rice. The only evidence that the application for renewal of the judgment was not delivered is from Michael Rice's declaration. The court finds from the summary judgment evidence that there is a genuine issue of material fact as to whether Michael Rice received the application for renewal of the judgment while incarcerated.

■ Michael Rice contends that Jody Rice's failure to comply with the Hague Service Convention voids the service. Michael Rice cites *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988), and *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280 (3d Cir.1981), to support that proposition. This court is not persuaded that the Supreme Court or the Third Circuit held that failure to comply with the Hague Service Convention voids actual service. This case presents facts of actual but defective service under the Hague Service Convention, which may make service voidable.

■ California law provides that when a defendant has not been served with actual notice in time to defend the action and a default judgment has been entered, the defendant

may serve and file a notice of motion to set aside the … default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the … default judgment has been entered.

Cal.Civ.Proc.Code § 473.5. A default judgment valid on its face but otherwise void because service was improper is governed by this provision. Thus, the limitations period embodied in § 473.5 applies when the defendant has not been properly served with process. *Rogers v. Silverman*, 216 Cal.App.3d 1114, 1121, 1123–24, 265 Cal.Rptr. 286 (Cal.Ct.App.1989). Under California law, "the time in which to file a motion to vacate a default judgment valid on its face but void due to improper service commences upon the entry of judgment." *Id.* at 1126, 265 Cal.Rptr. 286. The court's reading of § 473.5 and the case law is that the default judgment is voidable. The California law must mean "voidable." If it actually means "void," then there is no issue. The California procedure code allows a default judgment entered after a defectively served complaint to stand, meaning a default judgment is "voidable" and not "void." A default judgment is voidable because personal jurisdiction defects can be waived. "[B]ecause the personal jurisdiction requirement is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.'" *Pennsylvania Life & Health Ins. Guaranty Ass'n v. Superior Court of San Diego County*, 22 Cal.App.4th 477, 27 Cal.Rptr.2d 507, 512 (1994) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

■■ The court assumes that California would apply the discovery rule to the application of § 473.5. The mailing of the request for default, if received, or the mailing of the application for renewal, if received, could trigger the running of the period under the discovery rule. Because there is a factual dispute for trial regarding the mailings, the extent of the application of § 473.5 cannot be determined until trial.

If, under California law, the limitations period for Michael Rice to challenge the judgment has run, then the judgment would be binding and enforceable:

■■ In California, "[c]ollateral attack [on a judgment] is proper to contest lack of personal or subject matter jurisdiction or the granting of relief which the court has no power to grant." *Armstrong v. Armstrong*, 15 Cal.3d 942, 126 Cal.Rptr. 805, 809, 544 P.2d 941 (1976). However, "in the absence of unusual circumstances 'collateral attack will not be allowed where there is fundamental jurisdiction (i.e. of the person and subject matter) even though the judgment is contrary to statute.'" *Id.* at 810, 544 P.2d 941 (quoting *Pacific Mut. Life Ins. Co. v. McConnell*, 44 Cal.2d 715, 285 P.2d 636, 642 (1955)). The California court had subject matter jurisdiction. The California court obtained personal jurisdiction over Michael Rice under California law, but not pursuant to the Hague Service Convention. Assuming actual service would not be recognized because of the non-compliance with the Hague Service Convention, personal jurisdiction defects still may be waived. If it is found at trial that Michael Rice received the application for renewal of the judgment while in prison, then he did not timely move the California court for relief from the default judgment based on improper service of process. The time for him to

seek that relief would have run. His failure to act would amount to a waiver of the personal jurisdiction contention. Thus, even though the judgment may have been entered contrary to the Hague Service Convention, the California courts would not permit the judgment to be collaterally attacked at this late date. Of course, if the actual service is not void because of the Hague Service Convention, there is no personal jurisdiction issue at all.

■ Having addressed the issue concerning collateral estoppel by the instant motion, the court notes that the parties have not raised the issue of whether California courts would allow a default judgment to be collaterally attacked. But, as the *Armstrong* court recognized, California courts do not allow their judgments to be collaterally attacked for failure to state a cause of action, insufficiency of evidence, abuse of discretion or mistake of law. *Armstrong*, 126 Cal.Rptr. at 809–810, 544 P.2d 941. California has a procedural rule for obtaining relief from a default judgment.

Lastly, Michael Rice argues that without proper service under the Hague Service Convention, the judgment must be void. If the judgment is void, then Jody Rice's claim has not been established. Michael Rice further argues that the California statute of limitations to establish the claim has run. Without a claim, there can be no debt to except from discharge. Without a debt to except from discharge, the adversary complaint should be dismissed. Jody Rice responds that the judgment is not void. But, even if the judgment were set aside, the statute of limitations in California would not have run because of Michael Rice's continual absence from California, including the time he lived in France and the time he was incarcerated in federal prison. Jody Rice argues that California

would equitably toll its statute of limitations based on this absence.

The court will not decide that issue until it decides the contested facts at trial.

Based on the foregoing,

**IT IS ORDERED** that the motion of Joseph Michael Rice for summary judgment is **DENIED**.