[No. B035791. Second Dist., Div. Four. Dec. 20, 1989.]

SIDNEY F. ROGERS et al., Plaintiffs and Respondents, v. GILBERT SILVERMAN, Defendant and Appellant.

---

**COUNSEL**

John F. Dunne, Jr., and Michelle Rodenborn for Defendant and Appellant.

Sidney F. Rogers, Ettie Lou Rogers and Darren J. Rogers, in pro. per., and Barbara Springer Perry for Plaintiffs and Respondents.

---

**OPINION**

**McCLOSKY, Acting P. J.**—Defendant Gilbert Silverman appeals from the "order made and entered by the court [which] vacated that same court's previous order . . . and denied defendant's motion to quash reinstating plaintiff's complaint, default and default judgment." The trial court reversed its earlier ruling vacating the default judgment because Mr. Silverman did not file his motion to vacate within one year from the date the clerk entered the default. We conclude that when a motion to vacate is made on the ground that the default judgment is void because of improper service, the limitation period contained in Code of Civil Procedure section 473.5[1] applies by analogy. Because Mr. Silverman's motion was timely under that limitation period, we reverse.

### BACKGROUND

Plaintiffs Sidney F. Rogers, Ettie Lou Rogers and Darren J. Rogers initiated this action on September 27, 1984, by filing a complaint for fraud and negligent misrepresentation. That complaint is based upon Mr. Silverman's alleged misrepresentations which induced plaintiffs to invest in an apartment complex. Plaintiffs prayed for recovery of $1 million in compensatory damages and $5 million in punitive damages. Pursuant to plaintiffs' request, on January 13, 1986, the clerk entered a default against Mr. Silverman. In support of their application for default judgment plaintiffs submitted the declaration of Sidney Rogers. In that declaration Mr. Rogers purported to detail the numerous misrepresentations that were made by Mr. Silverman and employees of his land management corporation, SMC, to induce plaintiffs to invest in an apartment complex. Mr. Rogers also

---

[1] All statutory references herein are to the Code of Civil Procedure unless otherwise stated.

documented various lawsuits filed by other parties against SMC and Mr. Silverman.

On March 4, 1987, the court entered a default judgment in favor of plaintiffs and against Mr. Silverman for $938,713.90 in compensatory damages, $2 million in punitive damages and $133 in costs.

On December 3, 1987, Mr. Silverman specially appeared and filed a motion to "quash service of summons, set aside void judgment, and dismiss this action." Mr. Silverman made that motion pursuant to "CCP § 418.10(a)(1) on the grounds that the court lacked jurisdiction over the person of this moving party, pursuant to the last paragraph of CCP § 473, on the grounds that the judgment herein is void as to this moving person, and pursuant to CCP § 583.210 on the grounds that the Summons and Complaint was not served within three years of the time the Complaint was filed, . . ." In that motion Mr. Silverman claimed that he had never been served with the complaint in this action. The proof of service submitted by plaintiffs states that on October 19, 1985, the summons and complaint was left at 10153 Woodman in Mission Hills with "Richard Silverman, brother, co-occupant, competent adult who is apparently in charge at the place of residence of the defendant." In support of his motion, Mr. Silverman declared: "I have never lived at or near 10153 Woodman, Mission Hills, California, and do not know anyone, nor am I related to anyone, living at that address. I do not have a brother named RICHARD SILVERMAN, only a brother named JEROME R. SILVERMAN, and he does not now, and has never lived at that address. My brother, Jerome, has lived at the same address in Tarzana, California, for in excess of ten (10) years.

"Prior to August of 1984, I lived in Culver City, California. In about August of 1984, I moved to Law [sic] Vegas, Nevada, into my present residence at 3930 South Swenson, #406, Las Vegas, Nevada 89119. I have continuously since then, and do still, reside at the South Swenson address. That is where I lived on October 19, 1985, the date of alleged personal service on my alleged brother, 'RICHARD SILVERMAN', and on October 23, 1985, at the time that a copy of the Summons and Complaint was allegedly mailed to 'GILBERT SILVERMAN' at 10153 Woodman, Mission Hills, California, which as noted above, has never been, and is not now, my address."

Plaintiffs submitted a number of declarations in opposition to Mr. Silverman's motion. Included within these was a declaration of Sidney Rogers. Mr. Rogers again recounted the misrepresentations purportedly made by Mr. Silverman. Additionally, Mr. Rogers describes his efforts to locate Mr. Silverman after he learned that he had been defrauded. Mr. Rogers states

that in December of 1983, before this action was filed, he handed a copy of the complaint to Mr. Silverman. Mr. Silverman read the complaint and said " 'Do what you gotta do.' " Mr. Rogers then describes numerous correspondence he mailed to Mr. Silverman at the Culver City address of Mr. Silverman's business, SMC Corporation, informing him that the lawsuit had been filed and proposing that they settle. Mr. Rogers declares that he neither received a response to any of these letters nor were any of them returned to him. Mr. Rogers next describes various other unsuccessful efforts to locate Mr. Silverman leading to his retention of a "skip tracer." Finally, Mr. Rogers declares that on September 4, 1987, following the entry of the default judgment, he wrote Mr. Silverman's counsel, John Dunne, informing him a default judgment had been rendered. By letter of September 21, 1987, Mr. Dunne requested a copy of that judgment.

Plaintiffs also submitted the declaration of their counsel, John F. Busetti. Mr. Busetti describes his unsuccessful efforts to locate Mr. Silverman beginning when this action was filed and ending in October of 1985 when he was informed that the skip tracer plaintiffs had retained had allegedly located Mr. Silverman at the Woodman Street address.

Next, plaintiffs submitted the declaration of Jeff Gananian, an attorney associated with Mr. Busetti. Mr. Gananian summarizes the deposition taken of Mr. Silverman. Among other things, Mr. Silverman testified that in the summer of 1984 he moved to Las Vegas, Nevada. When he did so, he established a post office box in Culver City to which his mail would be forwarded and subscribed to an answering service to allow people to contact him. Mr. Gananian also summarizes Mr. Silverman's testimony with respect to his procedure for picking up the mail. Finally, Mr. Gananian recapitulates evidence contained in other declarations with respect to various efforts to contact Mr. Silverman.

Plaintiffs next submitted a series of declarations from registered process servers describing their unsuccessful efforts to serve Mr. Silverman at his former business and residential address and at the Woodman Street address.

Finally, plaintiffs submitted the declaration of S. Farrell, a professional skip tracer. Mr. Farrell describes the methods employed in locating an individual named Gilbert Silverman as residing at the Woodman Street address.

On the date of the hearing on Mr. Silverman's motion, he filed a reply to plaintiffs' opposition. In this reply, Mr. Silverman interposed numerous

evidentiary objections to plaintiffs' declarations. He also submitted a number of declarations controverting facts contained in plaintiffs' declarations. Included within these was a declaration of Mr. Silverman's counsel, Mr. Dunne, who refuted Mr. Busetti's statement that he telephoned Mr. Dunne's office on September 2, 1985, and left a message which Mr. Dunne did not return. Mr. Dunne declared that his office was closed on that day in observance of Labor Day.

Following the hearing, the court granted Mr. Silverman's motion ruling that the "[f]act that Plaintiff discussed the complaint with the moving party a year before the complaint was filed doesn't constitute service."

After the court's ruling, plaintiffs moved for reconsideration on the ground that "material facts which could not be brought to the Court's attention at the hearing exist, constitute different facts and constitute a more full showing of Plaintiffs' opposition . . . ." In support of that motion, plaintiffs submitted the declaration of Sidney Rogers in which Mr. Rogers contravenes evidence Mr. Silverman submitted with his reply memorandum. Plaintiffs also submitted the declaration of Mr. Busetti in which, among other things, Mr. Busetti declares that his earlier declaration stating that he telephoned Mr. Dunne's office on September 2, 1985, was in error. Instead, that telephone message was left on September 12, 1985.

At the hearing on the reconsideration motion, counsel for plaintiffs argued that the court was without jurisdiction to relieve Mr. Silverman from default because the time began to run from the entry of the default rather than from the date the default judgment was entered. Counsel for Mr. Silverman responded that the argument was not one of the bases of plaintiffs' reconsideration motion. Following the hearing the court continued the matter to afford the parties an opportunity to submit briefing on the timeliness issue. At the continued hearing, the court granted plaintiffs' reconsideration motion ruling: "Motion for relief under CCP 473 was untimely and the court lacked jurisdiction to vacate the default. The Court's order of April 8, 1988 is vacated. Defendant's motion to quash is denied. Plaintiff's [*sic*] complaint and default and default judgment are reinstated." This appeal follows.

## CONTENTIONS

Mr. Silverman raises the following contentions on appeal:

1. "The granting of plaintiffs' motion for reconsideration was an abuse of the trial court's discretion."

2. "The trial court erred in its ruling that defendant's motion for relief under CCP 473 last paragraph was untimely and that it lacked jurisdiction to vacate the default and default judgment."

3. "Where a judgment is not void on its face, but where the proof clearly establishes that there was no service of process, there is no real distinction between such judgment and one void on its face, and it may be shown to be so at any time."

4. "The trial court properly concluded on the evidence before it that plaintiffs' failure to serve the defendant within the statutorily required time period constituted inexcusable delay warranting dismissal."

5. "The court has the inherent equitable power to set aside a judgment based on a false return of service on the grounds of extrinsic fraud or mistake and a motion to vacate can be made after a year has elapsed."

6. "The court's error was prejudicial and justifies a reversal of the order denying defendant's motion."

## DISCUSSION

■■■ Mr. Silverman contends that "[t]he trial court erred in its ruling that [his] motion for relief under CCP 473 last paragraph was untimely and that it lacked jurisdiction to vacate the default and default judgment."

As described above, the trial court reversed its initial ruling on the sole ground that Mr. Silverman's motion for relief was untimely. The court did not reconsider any other aspect of its earlier ruling. Accordingly, as we discuss below, in this appeal from the reconsideration ruling, we are limited to reviewing whether the court properly concluded that it was without jurisdiction to vacate the default.

In arguing that Mr. Silverman's motion was untimely, plaintiffs urge that "[t]he trial court lacked jurisdiction to vacate the default because [Mr. Silverman's] motion under Section 473 was brought more than one year after entry of default." We disagree and therefore reverse.

Mr. Silverman's motion for relief was grounded in part on the last paragraph of section 473 which empowers a court "on motion of either party after notice to the other party, [to] set aside any void judgment or order."

Plaintiffs do not dispute that a default judgment valid on its face but otherwise void because service was improper is governed by this provision.

The final paragraph of section 473 contains no express limitation period as distinct from the preceding portion of section 473 authorizing relief from default on the grounds of "mistake, inadvertence, surprise, or excusable neglect," which requires the motion to be filed "within a reasonable time, in no case exceeding six months." To determine the time in which a motion pursuant to the final paragraph of section 473 must be brought, we examine the history of that provision.

In *People* v. *One 1941 Chrysler Sedan* (1947) 81 Cal.App.2d 18, 21-22 [183 P.2d 368], the court explained: "[P]rior to 1933 the provisions of section 473 and of section 473a were contained in one section, so that there was both a six-month and a one-year limitation found in the section, applicable, of course, to different situations. In that year the original section 473 was split into two parts. Old paragraph 3 of section 473 remained in that section. That paragraph refers to judgments taken against a party through his 'mistake, inadvertence, surprise, or excusable neglect,' and requires the motion to be made within six months. The paragraph has no direct reference to void judgments. Section 473a (formerly and until 1933 a part of section 473) provides for a particular situation—where summons has not been personally served (even though constructive service is permitted) the court may allow the aggrieved party within one year to answer on the merits. Both the third paragraph of section 473 and section 473a are primarily directed to setting aside valid judgments. Prior to 1933, section 473 contained no express provision relating to the power of courts to set aside void judgments. But prior to that time the law was settled that courts of record possessed inherent power to set aside a void judgment, whether or not it was void on its face, provided that, as to a void judgment not void on its face, the motion was made within a reasonable time. If the motion was not made within a reasonable time the party was relegated to an action in equity. In determining whether the motion was made within a reasonable time the courts applied by analogy the one-year provision of old section 473, now section 473a. Thus, when these old cases referred to the time limits of section 473 they were referring to the one-year limitation, not the six-month limitation. When the Legislature revamped section 473 in 1933, and broke it down into two sections, they added to section 473 paragraph 4. This paragraph was formerly section 900a of the Code of Civil Procedure, applying to courts not of record. So far as pertinent here that paragraph now reads: 'The court may . . . on motion of either party after notice to the other party, set aside any void judgment or order.' (For a discussion of the 1933 amendments to section 473 see *Estate of Estrem,* 16 Cal.2d 563, 572 [107

P.2d 36]; *F. E. Young Co.* v. *Fernstrom,* 31 Cal.App.2d Supp. 763, 764, et seq. [79 P.2d 1117].)"

The court went on to conclude that "The addition of paragraph 4 to section 473 in no way changed the then existing law. It merely gave express statutory recognition to an inherent power of the court. It in no way changed the period within which a motion to set aside the void judgment must be made. That period remained a reasonable time, which, by analogy, is the one-year period now contained in section 473a. Any other conclusion would lead to an absurdity. Thus, under section 473a a person against whom a valid judgment has been secured on constructive service may be relieved on motion any time within one year, but, if the contention of appellant were sound, a court could not, on motion, relieve a party from a void judgment not void on its face where there was no personal service, after the passage of six months." (81 Cal.App.2d at p. 22.)

The majority of reported decisions that have considered the issue have similarly analogized to former section 473a to conclude that a motion for relief from a default judgment valid on its face but otherwise void because of improper service must be brought within one year. (*Thorson* v. *Western Development Corp.* (1967) 251 Cal.App.2d 206, 211 [59 Cal.Rptr. 299]; *Washko* v. *Stewart* (1941) 44 Cal.App.2d 311, 317 [112 P.2d 306].)

In *Fidelity Bank* v. *Kettler* (1968) 264 Cal.App.2d 481, 486 [70 Cal.Rptr. 500], the court seemingly reached a contrary result. There, the court stated that "an order which is in fact void for want of jurisdiction, but the invalidity of which does not appear from the record, may be set aside on motion within a reasonable time after its entry, not exceeding the time limit prescribed by section 473 . . . , namely six months. (*In re Dahnke,* 64 Cal.App. 555, 560 [222 P. 381]; *Smith* v. *Jones,* 174 Cal. 513 [163 P. 890].)" Both *Dahnke* and *Smith,* relied upon by the *Fidelity Bank* court, were decided prior to the enactment of former section 473a. As described above at that time section 473 contained both the six-month limitation period for motions based on mistake and the one-year limitation period for motions where no personal service is made. In *Smith,* the Supreme Court assumed that the *one year* provision applied to motions to vacate a default judgment valid on its face but otherwise void. The court concluded that even under this rule the motion there involved was untimely. (*Smith* v. *Jones* (1917) 174 Cal. 513, 516-517 [163 P. 890].) In *Dahnke,* the court cited *Smith* but nevertheless operated under the premise that the six-month limitation period applied. The court then went on to conclude that even under this restrictive limitation period the motion was timely. (*In re Dahnke* (1923) 64 Cal.App. 555, 560-561 [222 P. 381].) *Fidelity Bank* and *Dahnke* are in the minority. Both

cases misread *Smith* and neither contains any independent analysis of the issue. We, therefore, decide this issue under the compelling analysis employed in those cases which drew an analogy to former section 473a.

In 1969 former section 473a was repealed and was replaced by present section 473.5. (See 8 Witkin, Cal. Procedure (3d ed. 1985) Attack on Judgment in Trial Court, § 188, p. 589 ["C.C.P. 473a was repealed in 1969, and C.C.P. 473.5 covers the same ground in expanded form, with more modern terminology and implementing procedure."]; note, *Code of Civil Procedure section 473.5: Setting Aside Defaults and Default Judgments* (1970) 21 Hastings L.J 1291, 1302 ["The California legislature, in replacing section 473a with section 473.5, has not made a sweeping revision of the law relating to motions to set aside defaults and default judgments. Several provisions, while indicating a change from the former law, are largely codifications of court interpretations of the old law."].)

Section 473.5 provides in pertinent part: "(a) When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him in such action, he may serve and file a notice of motion to set aside such default or default judgment and for leave to defend the action. Such notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him; or (ii) 180 days after service on him of a written notice that such default or default judgment has been entered."

No reported decision has considered whether the limitation period contained in section 473.5 governs by analogy a motion for relief from a default judgment valid on its face but otherwise void because of improper service. The parties take differing views on whether we should adopt such a rule.[2] Plaintiffs argue that Mr. Silverman is not entitled to relief by way of analogy to section 473.5. First plaintiffs claim that "[t]he notion of reasonableness under section 473 did not change merely because the Legislature saw fit to repeal section 473a and enact section 473.5." We disagree. This assertion loses sight of the reason courts analogized to former section 473a in the first place. Under plaintiffs' position, a party constructively served has up to two years in which to move for relief, yet a party not served at all only has one year. This incongruous treatment creates the "absurdity" sought to be avoided by the court in *People* v. *One 1941 Chrysler Sedan, supra*, 81 Cal.App.2d at page 22. There is no valid reason to conclude that the

---

[2] It is worth noting that Mr. Silverman does not argue that section 473.5 actually applies to his motion. Instead, he argues only that the limitation period contained in that section applies by analogy.

Legislature intended to treat those defendants properly served more favorably than those not served at all.

Next plaintiffs argue that "in enacting section 473.5, the Legislature did not merely expand the time limit for bringing a motion predicated on defective service; it added the procedural prerequisites cited above as preconditions to relief." The procedural prerequisite to which plaintiffs refer is the provision in section 473.5, subdivision (b) requiring a party to accompany a motion for relief with an "affidavit showing . . . that such party's lack of actual notice in time to defend the action was not caused by his avoidance of service or inexcusable neglect." This requirement makes sense when a motion is made directly under section 473.5 since such a motion is proper *only* when the defendant was without actual notice. Such a requirement is out of place, however, in a motion for relief from a default judgment based upon improper service. ▇ Whether the defendant caused his own lack of notice has no bearing on the propriety of service. Even actual notice is not a substitute for proper service. (2 Witkin, Cal. Procedure (3d ed. 1985) Jurisdiction, § 92, p. 459.)

▇ Finally, plaintiffs point to the fact that in the 20 years since section 473.5 was enacted no reported decision has concluded that its limitation period applies by analogy to the last paragraph of section 473. No reported decision, however, has addressed the issue. This absence of authority in no way suggests that plaintiffs' position has merit. More likely, all it means is that no court has had cause to address the issue in a published opinion.

Under the reasoning of the line of cases applying the former section 473a one-year limitation period by analogy to motions for relief under the final paragraph of section 473, we conclude that the limitation period presently embodied in section 473.5 now applies by analogy. Since plaintiffs did not establish proper service of "a written notice of entry of default judgment" on Mr. Silverman, under section 473.5 he had "two years after entry of a default judgment against him" in which to file his motion for relief. That motion was filed within two years of both the clerk's entry of default and the entry of the default judgment. Therefore, the court retained jurisdiction to entertain the motion even under plaintiffs' view that it is the entry of default rather than the entry of the default judgment that starts the limitation period for moving for relief. ▇ We nevertheless address the issue as to which of the two events triggers the limitation period.

Under former section 473a, a party had one year from the date of entry of the default *judgment* in which to file a motion for relief. Despite this express language plaintiffs argue that when this provision was applied by analogy to

motions made pursuant to the final paragraph of section 473, the one-year period commenced upon the clerk's entry of default. In so arguing plaintiffs rely upon cases explaining "[t]he general rule is that the six-month period within which to bring a motion to vacate under section 473 runs from the date of the default and not from the judgment taken thereafter. [Citations.] The reason for the rule is that vacation of the judgment alone ordinarily would constitute an idle act; if the judgment were vacated the default would remain intact and permit immediate entry of another judgment giving the plaintiff the relief to which his complaint entitles him. [Citations.]" (*Rutan v. Summit Sports, Inc.* (1985) 173 Cal.App.3d 965, 970 [219 Cal.Rptr. 381].)

Plaintiffs urge that this "rule has been held applicable to cases seeking relief based upon defective service (*Koski v. U-Haul Co.* [(1963)] 212 Cal.App.2d 640 [28 Cal.Rptr. 398]; *Wyoming Pacific Oil Co. v. Preston* [(1959)] 171 Cal.App.2d 735, 741 [341 P.2d 732]) as well as to those seeking relief based upon mistake or inadvertence." Neither of the cases plaintiffs rely upon contains a discussion of this issue, let alone the holding plaintiffs represent.

In *Koski v. U-Haul Co.* (1963) 212 Cal.App.2d 640 [28 Cal.Rptr. 398], the plaintiff was unable to locate the defendants' designated corporate agent at the address on file with the Secretary of State. Accordingly, plaintiff served the Secretary of State as defendant's agent pursuant to then extant Corporations Code section 3302. Plaintiff then procured the entry of a default and default judgment against the defendant. More than 11 months after the entry of the default, defendant moved for relief. The court concluded that section 473 was not available to defendant because more than six months had elapsed since the default was entered. Accordingly, even if the judgment could be vacated it would be an idle act since the default would still stand. (*Id.* at p. 643.) The court then concluded that since former section 473a only applied where the defendant is not personally served it was not applicable because substituted service upon the Secretary of State constituted personal service. (*Id.* at pp. 643-644.) Nowhere did the *Koski* court pass upon the issue whether the entry of a default triggered the time in which to file a motion for relief based upon defective service.

*Wyoming Pacific Oil Co. v. Preston* (1959) 171 Cal.App.2d 735 [341 P.2d 732], also relied upon by plaintiffs, is equally inapposite. There, the evidence submitted in connection with the defendant's motion for relief from a default judgment was conflicting as to whether he had been properly served. In denying the defendant's motion the trial court concluded that service was proper. (*Id.* at p. 740.) In upholding this finding, the Court of Appeal

referred to the conflicting evidence and ruled that the trial court was entitled to rely upon the evidence that service was proper. (*Id*. at pp. 741-742.) Again, nowhere did the court address whether the motion for relief would have been timely had no service been made. In fact, our research reveals no reported decision that has expressly addressed this issue.

In deciding what event triggers the time for filing a motion for relief in this setting, we look to the reason motions under section 473.5 (formerly § 473a) expressly commence upon entry of the judgment rather than upon entry of the default. In *Doxey* v. *Doble* (1936) 12 Cal.App.2d 62, 65-66 [54 P.2d 1143], the court explained that in a motion for relief on the grounds of mistake, inadvertence, surprise or excusable neglect, under the first portion of section 473 "it is the 'proceeding' involving the entry of the clerk's default, which has been brought about by the party's own omission after personal service of summons, as distinguished from the entry of the judgment pursuant to such default, from which the party seeks to be relieved; and therefore it is held in conformity with the concluding provisions of that portion of the code section, that the application for relief in such cases must be made within six months 'after such . . . proceeding [involving the entry of default] was taken . . .' But as will be seen, the provisions of [former] section 473a cover an entirely different class of cases, namely, those where there has been no personal service of summons, and consequently no default on the part of the defendant brought about by his own omission from which he seeks to be relieved on the ground of his mistake, inadvertence, surprise or excusable neglect; and in such cases it was evidently the intention of the legislature, as indicated by the plain provisions of said code section to allow the trial court one year after the rendition of a judgment within which it may exercise its discretionary power in granting appropriate relief to enable the defendant to answer to the merits of the action."

This reasoning applies with equal force to a motion for relief where there has been no service at all. In such a case no omission on the moving party's part resulted in the clerk's entry of the default. Accordingly, it would be manifestly unfair to commence the period for moving for relief from that time. We, therefore, conclude that, as with motions directly under section 473.5, the time in which to file a motion to vacate a default judgment valid on its face but void due to improper service commences upon the entry of judgment.

■ Lastly, we address plaintiffs' assertion that "[e]ven if [Mr. Silverman] were entitled to relief under section 473, dismissal of the action would be unwarranted." Mr. Silverman, to the contrary, contends that "[t]he trial court properly concluded on the evidence before it that plaintiffs' failure to

serve [him] within the statutorily required time period constituted inexcusable delay warranting reversal." As described above, at the same time Mr. Silverman moved for relief from the default judgment he moved to dismiss the action pursuant to section 583.210 on the ground that "the Summons and Complaint was not served within three years of the time the Complaint was filed, . . ." The court granted the motion. At the hearing on the reconsideration motion, counsel for plaintiffs argued that in its initial ruling the court failed to address whether the time in which to serve and return the summons was tolled because Mr. Silverman was "unamenable to service of process." (See § 583.240.) Because the court reversed its earlier ruling vacating the default judgment it did not directly address this assertion.

Plaintiffs now contend that "should this Court conclude that [Mr. Silverman] was entitled to be relieved from default, [we] should remand the matter to the trial court for a ruling on the merits of [their] contentions under section 583.240." Mr. Silverman, on the other hand, requests us to place our imprimatur on the trial court's initial ruling granting his motion. We decline to do either.

This appeal is from the trial court's order granting reconsideration. That order is appealable only insofar as it follows an appealable order. (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1010-1011 [183 Cal.Rptr. 594].) The order granting defendant's motion to dismiss is not appealable. Instead, any appeal must be from a subsequently entered order of dismissal. The record on appeal contains no such order of dismissal. Accordingly, the only appealable order that provides a basis for review of the reconsideration motion is the order vacating the default judgment. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 108, p. 127.) We, therefore, limit our review of the contentions accordingly. Further, even had an order of dismissal been entered neither party would be entitled to obtain appellate review of that ruling under the posture of this appeal. First, plaintiffs as respondents could not attack that dismissal order without separately cross-appealing. (§ 906; see *Sanchez-Corea* v. *Bank of America* (1985) 38 Cal.3d 892, 910 [215 Cal.Rptr. 679, 701 P.2d 826].) Second, since the trial court left intact that order in favor of Mr. Silverman, he is not aggrieved and, therefore, cannot obtain appellate review of that ruling. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 142, p. 151.) Accordingly, we do not now review any aspect of the court's order granting Mr. Silverman's motion to dismiss.

We have addressed a substantial number of the contentions raised by Mr. Silverman and our holding as to them is dispositive. We, therefore, reverse the trial court's order reconsidering its earlier ruling vacating the default

judgment and since we do, we need not, and therefore do not, address the remaining contentions.

The order is reversed. The trial court is directed to reinstate that part of its prior order vacating the default judgment. Mr. Silverman shall recover costs on appeal.

George, J., and Goertzen, J., concurred.