*Supp. 3 Opinion
WATAI, J.
Appellant appeals from an order denying his motion to vacate a default and default judgment. The trial court ruled that appellant was required, and failed, to file his motion within a reasonable time after appellant learned that a default had been entered against him. Appellant argues that, under Rogers v. Silverman (1989) 216 Cal.App.3d 1114 [265 Cal.Rptr. 286], he had two years from entry of the default judgment to move to set it aside.
Respondent filed his complaint on August 13, 1990. Appellant failed to file an answer. On October 2, 1990, respondent wrote to appellant’s counsel, informing him that respondent had requested the entry of appellant’s default and intended to proceed to “prove-up ... the default.” A default was entered on October 3, 1990. On October 8, 1990, appellant’s counsel sent a letter to respondent in which appellant’s counsel acknowledged that respondent had requested the entry of a default against appellant. On July 11, 1991, the court entered a default judgment for respondent in the amount of $4,862.38, plus $29.17 in interest and $540 in costs.
On May 14, 1992, appellant filed a motion to set aside the default judgment. Appellant’s motion was made under the last paragraph of Code of Civil Procedure section 473, on the grounds that appellant was not served with a copy of the summons and that the judgment exceeded the relief demanded in the complaint.
The motion was heard and denied on June 29, 1992. The trial court ruled as follows: “Motion denied. Motion not filed within reasonable time after [acknowledgment] of default by defendant on 10-8-90.” Appellant filed a notice of appeal that same day.
Appellant contends that under Rogers v. Silverman, supra, 216 Cal.App.3d 1114, he had two years within which to file his motion. Rogers does not so hold.
The Rogers court held that the time limitation set forth in Code of Civil Procedure section 473.5[1] applies by analogy to motions for relief from a default judgment valid on its face but otherwise void because of improper *Supp. 4 service.[2] (Rogers v. Silverman, supra, 216 Cal.App.3d at p. 1124.) The court held that such a motion must be filed within “ ‘two years after entry of a default judgment.’ ” {Ibid.)
Appellant argues that, even if the “reasonable time” requirement set forth in section 473.5 applies, he was only required to bring his motion within a reasonable time after the entry of the default judgment, not within a reasonable time after he learned of the lawsuit against him. The Rogers court held: “[A]s with motions directly under section 473.5, the time in which to file a motion to vacate a default judgment valid on its face but void due to improper service commences upon the entry of judgment.” {Rogers v. Silverman, supra, 216 Cal.App.3d at p. 1126.) However, the Rogers court was there discussing the two-year outside time limit. The language of section 473.5 shows that the defendant is required to bring his motion “within a reasonable time, but in no event exceeding . . . two years after entry of a default judgment.” (§ 473.5, subd. (a).) Thus, the language shows that the two years begin to run after entry of a default judgment, but the reasonable time requirement is entirely separate.
We are guided by cases interpreting section 473, which provides in part for relief from a judgment or order taken against a party through the party’s mistake, inadvertence, surprise, or excusable neglect. Section 473 states that the application for relief “shall be made within a reasonable time, in no case exceeding six months” after the judgment or order. The reasonable time requirement set forth in section 473 has been interpreted as requiring both “ ‘a satisfactory excuse for [the] default, and . . . diligence in making the motion after discovery of the default.’ [Citation.]” (Kendall v. Barker (1988) 197 Cal.App.3d 619, 625 [243 Cal.Rptr. 42].) Because the operative language in section 473 is the same as the language in section 473.5, we conclude that the same interpretation should be given to the reasonable time requirement set forth in both sections.
In this case, appellant knew he had been sued and that respondent had requested a default in October 1990. However, appellant did not take any action until May 14, 1992. We conclude that the trial court did not abuse its discretion in finding that appellant’s motion was not made within a reasonable time.
*Supp. 5 The order denying appellant’s motion to set aside the default and default judgment is affirmed. Respondent to recover costs on appeal.
Johnson, Acting P. J„ and Soven, J., concurred.

 All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

 Section 473.5 provides in relevant part: “(a) When service of a summons has not resulted in actual notice to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may serve and file a notice of motion to set aside the default or default judgment and for leave to defend the action. The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) two years after entry of a default judgment against him or her; or (ii) 180 days after service on him or her of a written notice that the default or default judgment has been entered.”