Filed 6/26/25  Premier Capital v. Yakovi CA2/5
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| PREMIER CAPITAL, LLC,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>SHAUL YAKOVI,<br><br>Defendant and Appellant. | B311833<br><br>(Los Angeles County Super. Ct. No. BC271003) |

APPEAL from an order of the Superior Court of Los Angeles County, Rupert A. Byrdsong, Judge.  Affirmed.

Law Offices of Mark E. Goodfriend and Mark E. Goodfriend for Defendant and Appellant.

Verus Law Group, Holly Walker, and Mark N. Strom for Plaintiff and Respondent.

Plaintiff and respondent Premier Capital (Premier) is the assignee and successor in interest to NC Venture I, L.P. (NC Venture). NC Venture obtained a default judgment against defendant and appellant Shaul Yakovi (Yakovi) in 2002. Nearly 20 years later, Yakovi moved to set aside the default judgment based on the contention it was void because plaintiff effected service of the summons and complaint at an address that was no longer defendant's "usual place of business" (Code Civ. Proc.,[1] § 415.20, subd. (b)). The trial court denied Yakovi's motion and we initially affirmed, relying on authority that such a late motion to set aside the judgment must prove the judgment is invalid looking only to the "judgment roll" (i.e., the summons, proof of service, the complaint, the request for entry of default and the entry of the same, and the judgment). Our Supreme Court then granted review and transferred the matter back to us with directions to vacate our prior opinion and reconsider the matter in light of its intervening opinion in *California Capital Insurance Company v. Hoehn* (2024) 17 Cal.5th 207. (*Id.* at 223, 225 [section 473, subdivision (d) motion to vacate judgment as void for improper service, which relies on extrinsic evidence, is not subject to a two-year time limit].) Our prior opinion is hereby vacated and we now consider the matter anew as directed.

## I. BACKGROUND

### A. *The Default Judgment*

Yakovi was president of Sam Electronics, Inc. and, in 1992, personally guaranteed a $65,800 Small Business Administration

---

[1] Undesignated statutory references that follow are to the Code of Civil Procedure.

loan issued to the company. Yakovi and Sam Electronics eventually defaulted on the loan payments due, and NC Venture (as servicer of the loan) sued Yakovi and Sam Electronics in March 2002 for breach of promissory note, money lent, open book account, and account stated. NC Venture claimed damages in the amount of $64,185.75, the balance owing on the loan at the time, plus interest and attorney fees.

A proof of service for the summons and complaint indicates defendants were served by substituted service, i.e., by leaving a copy of the summons, complaint, and other materials with a "manager" and "person in charge" (listed as John Doe, with a physical description provided) present at the business located at 429 South Broadway in Los Angeles and mailing a copy of the documents to the same address. A "Declaration of Due Diligence" submitted with the proof of service indicates three attempts were made to serve Yakovi personally before resorting to substituted service. Notations are appended to each of the attempts at personal service listed on the declaration; the first two notations read "defendant not in" and the third notation reads "defendant not in per manager."

Defendant did not timely answer or respond to the complaint. In May 2002, NC Venture requested entry of the defendants' default. The clerk of the court did not enter the default, however, because NC Venture did not attach the summons and proof of service to its request. NC Venture cured the problem in a later request for entry of default, which was filed the following month, and the clerk entered defendants' default.

NC Venture subsequently asked the trial court to issue a default judgment against defendants. The trial court issued an

order requiring NC Venture to provide "support for the place of service, 429 South Broadway, Los Angeles, California 90013 as the correct address for service" of the summons and complaint.

NC Venture filed a declaration from its attorney. The declaration attached a certified copy of a 1993 statement of information filed with the California Secretary of State listing Sam Electronics and Yakovi's address as 429 S. Broadway, Los Angeles, CA 90013. The same statement of information also listed defendant as "President," "Designated Agent for Service of Process," "Chief Executive Officer," and "Chief Financial Officer" for Sam Electronics. Counsel's declaration further averred (1) he served copies of the request for entry of default at the 429 South Broadway address, which were not returned by the postal service, and (2) the proof of service of the summons and complaint already on file with the court stated Yakovi was "'not in' rather than 'does not work here'" when three attempts at personal service were made.

The court thereafter entered a default judgment against Yakovi and Sam Electronics in the amount of $74,845.17 in October 2002. In March 2005, NC Venture assigned the judgment to Premier and Premier filed the notice of assignment of judgment on February 9, 2010. Roughly a year and a half later, Premier applied for and obtained renewal of the judgment in the amount of $142,492.55.[2] Notice of the renewal of judgment was filed on January 13, 2012.

---

[2] The 2012 application for renewal of the judgment was served on Yakovi by mail at an address on Simpson Avenue in Los Angeles.

4

*B.     Yakovi's Motion to Vacate the Default Judgment*

In December 2020—roughly eight years after renewal of the judgment and some 18 years after the default judgment was originally entered—Yakovi moved to vacate the entry of default and default judgment.  Yakovi contended the judgment was "void for lack of service of process, lack of jurisdiction[,] and lack of due process."  The motion and accompanying declarations claimed the judgment was void because substituted service was effected at an "incorrect address."  Specifically, Yakovi asserted that while he was "employed" at the 429 South Broadway address until 1996, he was employed elsewhere after that time.[3]

Premier opposed Yakovi's motion to vacate the judgment. Premier asserted the proof of service of the summons and complaint completed by the process server established substituted service was proper.  Premier also emphasized the nearly two decade long delay in seeking to set aside the judgment—and the limitation that any defect in the judgment must appear "on the face of the record"—as further reasons for

---

[3]     Yakovi declared he was employed at two addresses on 11th Street in Los Angeles from 1998 to 2005.  He also complained Premier had used the judgment to levy his bank account in 2019 and collected approximately $19,000.  Neither the motion to set aside the judgment nor the accompanying declarations explained the months-long delay between this apparent levy and Yakovi's attempt to set aside the default judgment.  Yakovi also submitted a declaration from one Yosef Cohen who claimed to be the only manager at a business at 429 South Broadway from "at least 1998 until about 2011."  Cohen averred Yakovi was not, during that time, an employee of the business, otherwise associated with the business, or, to his knowledge, ever present at that address.

refusing to grant Yakovi any relief.  Premier also asked the trial court to take judicial notice of both the 1993 statement of information filed with the Secretary of State listing Sam Electronics' address at 429 South Broadway and more recent materials (including a 2001 Statement by Domestic Stock Corporation filed by Sam Electronics and a January 22, 2021 Business Search – Entity Detail printout from the California Secretary of State website) purporting to show Yakovi continued to be associated with the 429 South Broadway address.

### C.  *Supplemental Briefing and the Trial Court's Ruling*

The trial court held an initial hearing on Yakovi's motion to vacate the judgment in February 2021.  The court asked counsel for Yakovi when his client "learned about this case" and counsel professed not to know, though he did concede Yakovi knew about the case at least as of roughly two years before when "about $19,000 . . . was taken from an account of his."  But counsel argued Yakovi's delay in filing the motion to vacate the judgment was "irrelevant to whether he was served and whether the substitute service was valid."  The court agreed it needed to "wrestle with[ ] if the service was proper," and believed it may come down to whether Premier properly relied on the statement of information listing Yakovi as the agent for service of process at the 429 South Broadway address.  The court continued the hearing and permitted Premier to file a sur-reply addressing the propriety of service, specifically addressing whether Premier attempted to serve Yakovi at his residential address before resorting to substitute service.

Premier's sur-reply (and accompanying declaration from a process server) established efforts were made to serve Yakovi at a

6

residential address before relying on substitute service. More significantly for our purposes, the supplemental brief also argued (1) a section 473, subdivision (d) motion seeking to vacate a facially valid judgment for improper service can only be brought within two years of the entry of the judgment under the rule articulated in *Rogers v. Silverman* (1989) 216 Cal.App.3d 1114 and (2) regardless, Yakovi was validly served by substitute service at his "office," i.e., the 429 South Broadway address where he was registered as the agent for service of process—a role from which he never resigned.[4]

The parties appeared for the continued hearing on Yakovi's motion to vacate the default judgment in March 2021. At the outset of the hearing, the trial court articulated a tentative ruling on the record: "We have additional information and declarations that were submitted to fill in some gaps that we needed. According to the declaration of [the process server], [Premier] did make attempts to serve [Yakovi] at the [residential] address; that was not clarified at the last time we were here. Also the other information from the Chapter 11 bankruptcy case also ties in that defendant addresses for which the court can conclude that notice was given and that service was proper. Therefore, the default entered was proper. My tentative is to deny the motion."

---

[4] Premier also requested judicial notice of pages of a 2014 federal court bankruptcy filing by Yakovi's spouse that listed the judgment against him in this case among the unsecured nonpriority claims. Premier contended it would be inequitable for Yakovi to treat the judgment as valid for purposes of filing bankruptcy but years later challenge it as invalid on service of process grounds.

7

Yakovi argued against the court's tentative ruling, chiefly contending substitute service was invalid because the 429 South Broadway address was not his "work address for years" and only Sam Electronics, not Yakovi personally, could be faulted for the failure to correct records listing Yakovi as the agent for service of process at 429 South Broadway. The court responded that there were "competing pieces of information on that. Your client is saying, I didn't agree to be anybody's agent for service of process. There's a legal document indicating that he is. I have to weigh by a preponderance which is more reasonable to believe."

Premier argued, as it did in its sur-reply, that Yakovi's motion to vacate the judgment was time barred because the judgment was valid on its face and an attack on the validity of service of process relying on extrinsic evidence must be made within a reasonable time—which Yakovi's motion, made some 18 years after the judgment, had long exceeded. Premier also argued its substitute service of the complaint was proper because it relied on publicly filed documents naming Yakovi as the agent for service of process at the 429 South Broadway address and if those documents were incorrect, it was incumbent on Yakovi to formally resign as the agent and correct the record.

The trial court ruled it would "stick[ ] to [its] tentative" and denied the motion to vacate the judgment because it was "not convinced [Yakovi] has met its burden to justify setting aside th[e] default."

### D. Appellate Proceedings

This court affirmed the trial court's ruling on appeal. Our opinion did not address whether service was proper considering all the evidence the parties submitted in the trial court. Instead,

relying on *Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, a case that followed the rule in *Rogers, supra,* 216 Cal.App.3d 1114, we looked only to the judgment roll materials and held—on that basis—that Premier's process server made adequate attempts at personal service before resorting to substitute service and that service was not deficient because a copy of the summons and complaint were left with a person in charge of what was apparently Yakovi's usual place of business (the "manager" who said Yakovi was "not in" when attempts at personal service were made).

Our Supreme Court granted review and held the matter for its decision in *Hoehn, supra,* 17 Cal.5th 207. As we have mentioned, that opinion expressly disapproves *Rogers, supra,* 216 Cal.App.3d 1114 and its progeny and holds a section 473, subdivision (d) motion to vacate a judgment for improper service of process—even when made long after the judgment in question—may rely on extrinsic evidence and is not limited to the smaller set of materials that comprise the judgment roll. (*Hoehn, supra,* at 223, 225.) The Supreme Court returned this cause to us after *Hoehn* issued for our reconsideration.

## II.  DISCUSSION

Now considering, as *Hoehn* requires, the full record made below and not just the judgment roll materials, affirmance is still warranted. In ruling on Yakovi's motion to vacate the judgment, the trial court did not limit its consideration (as we did on appeal) to the judgment roll materials—that is evident from the court's express consideration of the extrinsic evidence, its acknowledgment of the need to weigh that evidence, and its determination that "service was proper."

The trial court's ruling was not an abuse of its discretion. (*Gibble v. Car-Lene Research, Inc.* (1998) 67 Cal.App.4th 295, 301 [reviewing for abuse of discretion a ruling on a motion to vacate judgment for defective service]; see also *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230 [factual findings made in connection with a discretionary ruling on a motion to vacate a judgment are reviewed for substantial evidence].) The proof of service of the summons and complaint establishes the process server made adequate attempts at personal service before resorting to substituted service. (See, e.g., *Espindola v. Nunez* (1988) 199 Cal.App.3d 1389, 1392 [two or three attempts at personal service sufficient].) The proof of service materials combined with the supplemental information the trial court requested about the address where service was made before it entered the default judgment further establish that a copy of the summons and complaint were left with a person in charge of what was apparently Yakovi's usual place of business at the time (the agent for service of process statements on file with the Secretary of State and the "manager" who said Yakovi was "not in" when attempts at personal service were made). That is enough under the deferential standard of review to support the trial court's finding that substitute service "was proper." (§ 415.20, subd. (b); *Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 750-751 [substituted service properly effected where plaintiff attempted to personally serve defendant at his place of business on three separate occasions and then left the complaint and summons with the office manager].)

10

DISPOSITION

The trial court's order is affirmed.  Premier is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.

KIM (D.), J.